Marc C. Forsythe - State Bar No. 153854
Charity J. Miller – State Bar No. 286481
**GOE & FORSYTHE, LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
mforsythe@goeforlaw.com
cmiller@goeforlaw.com
Telephone:  (949) 798-2460
Facsimile:   (949) 955-9437

Proposed Attorneys for 779 Stradella, LLC
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>779 STRADELLA, LLC, a Delaware limited liability company<br><br>            Debtor and Debtor in Possession. | Case No. 8:16-BK-15156-CB<br><br>Chapter 11 Proceeding<br><br>**REPLY OF DEBTOR IN SUPPORT OF APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY GOE & FORSYTHE, LLP, AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF MARC C. FORSYTHE AND PAUL MANAFORT IN SUPPORT THEREOF**<br><br>Hearing Date: February 22, 2017<br>Time:             10:00 a.m.<br>Courtroom:    5D<br>                       411 West Fourth Street<br>                       Santa Ana, CA 92701 |

**TO THE HONORABLE CATHERINE BAUER, U.S. BANKRUPTCY JUDGE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Debtor and Debtor in Possession, 779 STRADELLA, LLC, a Delaware limited liability company ("Debtor") hereby files its Reply ("Reply") in support of its Application Of Debtor And Debtor-In-Possession For Authority To Employ Goe & Forsythe, LLP (the "Firm"), as General Bankruptcy Counsel ("Application") [Docket No. 24].

1

Case 8:16-bk-15156-CB    Doc 45    Filed 02/08/17    Entered 02/08/17 17:12:54    Desc
Main Document    Page 2 of 8

I.  **INTRODUCTION AND STATEMENT OF FACTS**

Prior to filing this Reply, the Firm amended SOFA #11 and the Disclosure of Compensation re Attorney Compensation [Docket No. 43]. Attached hereto is the Declaration of Paul Manafort (the "Manafort Dec.") re the issues raised by the Trustee in its Limited Objection to the Application (the "Objection") [Docket No. 31]. The Firm believes that it has addressed the concerns noted in the Objection.

II.  **ARGUMENT**

A.  **PJ Nottingham, LLC Payment of the Firm's Retainer Does Not Create a Conflict of Interest.**

In *In re Lotus Properties*, 200 B.R. 338 (Bankr. C.D. Cal. 1996), the Court noted the following five factors re analyzing a third party retainer:

(1) the arrangement must be fully disclosed to the [**16] debtor/client and the third party payor/insider;

(2) the debtor must expressly consent to the arrangement;

(3) the third party payor/insider must retain independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to the debtor/client;

(4) the factual and legal relationship between the third party payor/insider, the debtor, the respective attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of the debtor's bankruptcy representation;

(5) the debtor's attorney/applicant must demonstrate and represent to the Court's satisfaction the absence of facts which would otherwise create non-disinterestedness, actual conflict, or impermissible potential for a conflict of interest.

*Id. at 658*.

The Firm does not believe that all of the factors in Lotus should be applied to its Application because PJ Nottingham. LLC ("PJ") has no continuing obligation to fund the Firm's fees and costs and no personal liability to Firm, unlike the situation in *Lotus*. In fact, there is no

retainer agreement between the Firm and PJ or the law firm of Wilson Keadjian Browndorf LLP.[1] These were key issues in *Lotus* that do not exist in this case. PJ has no influence over the Firm in representing the Debtor in this case. Therefore, the issues raised in the second and fourth factors in *Lotus* are inapplicable. The Firm disclosed in the Application that the retainer was received from a third party (the law firm of Wilson Keadjian Browndorf LLP), but neglected to disclose that it was on behalf of PJ. The Firm does not believe that this is culpable conduct rising to the level to deny the Application. Furthermore, PJ is represented by independent counsel - Wilson Keadjian Browndorf LLP – which satisfies the third factor in *Lotus*. As noted in the Manafort Dec., PJ has no control over how the Firm represents the Debtor. Lastly, in relation to the fifth factor in *Lotus*, the Firm has no actual conflict, is disinterested and had no potential conflict by accepting the retainer from PJ because there was no "transaction", as noted in the fifth factor in *Lotus*. Specifically, there was no obligation that arose between the Firm and PJ as a result of PJ funding the Firm's retainer as PJ did so, on the eve of a foreclosure sale when the Debtor's principal (Mr. Yohai was medically unavailable) in order to protect its investment.[2]

### B. Representation of Multi-Affiliated Cases.

The Firm and the Debtor are agreeable to the suggestion by the UST that the order approving the Application specifically note that the approval of the Firm's employment does not cut off the rights of parties in interest, the UST or this Court, on its own motion, to seek assignment of causes of action, including, but not limited to, Chapter 5 causes of action, at any time during the pendency of this case.

### III. CONCLUSION

Based on the amendments and evidence presented herein, the Firm respectfully requests that the Application be granted.

///

---

[1] See Manafort Dec. and the Declaration of Marc C. Forsythe attached hereto and incorporated herein by this reference ("Forsythe Dec.").

[2] See Manafort Dec. and Forsythe Dec.

3

| | | |
|---|---|---|
| 1 | Dated:   February 8, 2017 | Respectfully submitted by, |
| 2 | | **GOE & FORSYTHE, LLP** |
| 4 | | By: /s/Marc C. Forsythe |
| 5 | | Marc C. Forsythe, Proposed Counsel to Chapter 11 Debtor and Debtor in Possession, 779 STRADELLA, LLC, a Delaware limited liability company |

**DECLARATION OF MARC C. FORSYTHE**

I, MARC C. FORSYTHE, declare and state:

1. The matters stated herein are true and correct and within my own personal knowledge and belief. I am member of the law firm of Goe & Forsythe (the "Firm").

2. The Firm does not believe that all of the factors in *Lotus* should be applied to its Application because PJ Nottingham. LLC ("PJ") has no continuing obligation to fund the Firm's fees and costs and no personal liability to Firm, unlike the situation in *Lotus*. In fact, there is no retainer agreement between the Firm and PJ or the law firm of Wilson Keadjian Browndorf LLP. These were key issues in Lotus that do not exist in this case. PJ has no influence over the Firm in representing the Debtor in this case. Therefore, the issues raised in the second and fourth factors in *Lotus* are inapplicable. The Firm disclosed in the Application that the retainer was received from a third party (the law firm of Wilson Keadjian Browndorf LLP), but neglected to disclose that it was on behalf of PJ. The Firm does not believe that this is culpable conduct rising to the level to deny the Application. Furthermore, PJ is represented by independent counsel - Wilson Keadjian Browndorf LLP – which satisfies the third factor in Lotus. As noted in the Manafort Dec. attached hereto, PJ has no control over how the Firm represents the Debtor. Lastly, in relation to the fifth factor in *Lotus*, the Firm has no actual conflict, is disinterested and had no potential conflict by accepting the retainer from PJ because there was no "transaction", as noted in the fifth factor in *Lotus*. Specifically, there was no obligation that arose between the Firm and PJ as a result of PJ funding the Firm's retainer as PJ did so, on the eve of a foreclosure sale when the Debtor's principal (Mr. Yohai was medically unavailable) in order to protect its investment.

1. The Firm and the Debtor are agreeable to the suggestion by the UST that the order approving the Application specifically note that the approval of the Firm's employment does not cut off the rights of parties in interest, the UST or this Court, on its own motion, to seek assignment of causes of action, including, but not limited to, Chapter 5 causes of action, at any time during the pendency of this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

1  EXECUTED this 8th day of February 2017, at Irvine, California.

2

3                                        /s/Marc C. Forsythe
                                       MARC C. FORSYTHE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

## DECLARATION OF PAUL MANAFORT

I, Paul Manafort, declare and state as follows:

1. I am the sole member and managing member of PJNottingham, LLC, a California limited liability company ("PJNottingham"). The matters stated hereinafter are within my personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. I am also a member of Baylor Holding, LLC, who is a member of 1550 Blue Jay Way, LLC, a Debtor and Debtor in Possession in Case No. 8:16-BK-15171-CB ("1550 Blue Jay"). Baylor Holding, LLC, is also the sole member and manager of 779 Stradella, LLC Nottingham, LLC, a Debtor and Debtor in Possession in Case No. 8:16-BK-15156-CB ("779 Stradella"). Baylor Holding, LLC, is also the managing member of Mt. Yohai, LLC, a Debtor and Debtor in Case No. 8:16-BK-15157-CB ("Mt. Yohai," and together with 1550 Blue Jay and 779 Stradella, the "Bankruptcy Cases").

3. I am also individually a creditor in two of the Bankruptcy Cases identified in paragraph 2 above.

4. As a creditor in two of the Bankruptcy Cases and having an interest in the Debtors as a member of Baylor Holding, LLC, I evaluated the properties and projects the subject of same and determined that I, through PJNottingham, would assist with additional funding to protect my existing investment in the properties. To that end, PJNottingham funded the initial retainers for Goe & Forsythe on behalf of each of 1550 Bluejay, 779 Stradella and Mt Yohai with the understanding that PJNottingham was neither a member, manager nor had any other authority to control the Debtor relative to the Bankruptcy Cases.

5. PJNottingham has engaged the law firm of Wilson Keadjian Browndorf, LLP, as its legal counsel in this regard and is not a client of Goe & Forsythe.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: February 8, 2017

_____
Paul Manafort

1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **REPLY OF DEBTOR IN SUPPORT OF APPLICATION OF DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORITY TO EMPLOY GOE & FORSYTHE, LLP, AS GENERAL BANKRUPTCY COUNSEL; DECLARATIONS OF MARC C. FORSYTHE AND PAUL MANAFORT IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 8, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- Michael J Hauser    michael.hauser@usdoj.gov
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 8, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 8, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Catherine Bauer, USBC, 411 West Fourth Street, Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 8, 2017 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |