HINDS & SHANKMAN, LLP
JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
RACHEL M. SPOSATO (SBN 306045)
rsposato@jhindslaw.com
21257 Hawthorne Blvd., 2nd Floor
Torrance, CA 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Interested Parties Jeffrey C. Yohai
and Baylor Holding, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

In re:

779 STRADELLA, LLC, a Delaware limited liability company,
Debtor and Debtor in Possession.

Case No. 8:16-bk-15156-CB

Chapter 11

**DECLARATION OF JEFFREY C. YOHAI IN REGARD TO MOTION FOR ORDER: (1) APPROVING AMENDMENT TO PURCHASE AND SALE AGREEMENT BETWEEN DEBTOR AND BUYER TO EXTEND DUE DILIGENCE PERIOD AND CLOSING DATE AND INCREASE ADEQUATE PROTECTION PAYMENTS; [AND] (2) APPROVING AMENDING JUNE 23, 2017 SALE ORDER [DOCKET NO. 85]**

Date: October 4, 2017
Time: 10:00 a.m.
Place: 5D

- 1 -
DECLARATION OF JEFFREY C. YOHAI

I, Jeffrey Yohai, declare and state as follows:

1. I am the sole managing member of Baylor Holdings, LLC, I am also the member and manager of: (a) 779 Stradella, LLC, a Debtor and Debtor in Possession in Case No. 8:16-bk-15156-CB ("779 Stradella Debtor"); (b) Mt Yohai, LLC, a Debtor and Debtor in Case No. 8:16-bk-15157-CB ("Mt. Yohai Debtor"); and (c) 1550 Blue Jay Way, LLC, a Debtor and Debtor in Possession in Case No. 8:16-bk-15171-CB ("1550 Blue Jay Debtor"). The matters stated hereinafter are within my personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. This declaration is submitted in response to the 779 Stradella Debtor's Motion for Order: (1) Approving Amendment to Purchase and Sale Agreement Between Debtor and Buyer to Extend Due Diligence Period and Closing Date Increase Adequate Protections Payments; [and] (2) approving Amending June 23, 2017 Sale Order [Docket No. 85] (hereinafter referred to as the "Amendment Motion").

3. I and my partners authorized and were responsible for developing the real estate project in each of the bankruptcy cases of 1550 Blue Jay Debtor, 779 Stradella Debtor, and Mt Yohai Debtor. None of the Debtors are "affiliates" of each other. They are all separate entities and are not consolidated for tax or financial accounting purposes. None of the debt of the properties in each of these three separate Debtors is cross-collateralized with any other Debtor. The proposed development for each property held by 1550 Blue Jay Debtor, 779 Stradella Debtor and Mt Yohai Debtor is for a single family residence. As to the debts owed by 1550 Blue Jay Debtor, 779 Stradella Debtor and Mt Yohai Debtor I am the guarantor of the secured debt. Hence, I have a personal and financial interest in seeing that these chapter 11 cases are successful and the claims of the secured creditors satisfied.

4. The 779 Stradella Debtor is a Delaware limited liability company in good standing and authorized to do business in the State of California. The 779 Stradella Debtor was formed to develop real estate. The Stradella Property is this Debtor's only asset. The Stradella Property was purchased on March 8, 2016, with a short term

- 2 -
DECLARATION OF JEFFREY C. YOHAI IN REGARD TO MOTION FOR ORDER

recourse loan from Genesis Capital Master Fund II, LLC (hereinafter referred to as "Genesis"). The Debtor intended to refinance the debt to Genesis with construction financing, but was unable to timely do so. As a result, this bankruptcy case was filed on December 21, 2016, shortly before a pending foreclosure sale. Since the filing of this bankruptcy case, the 779 Stradella Debtor has been analyzing its options to either obtain post-petition financing to take out Genesis, enter into a consensual loan modification with Genesis, and/or sell the Stradella Property to a third-party.

5. On or about February 17, 2017, and based on advice received from Paul Manafort, I consented to give Matt Browndorf, Esq., of Wilson Keadjian Browndorf, LLP, the authority to conduct negotiations with Genesis and its affiliates in relation to resolving any and all issues with the first deeds of trust held by Genesis and its affiliates on any or all of the real properties held by the 1550 Blue Jay Debtor, the 779 Stradella Debtor and the Mt. Yohai Debtor. On September 27, 2017, I formally withdrew this authorization for Mr. Browndorf to speak for any of the Debtor entities, so only I have the authority to bargain for the 1550 Blue Jay, the 779 Stradella, and the Mt. Yohai Debtors.

6. On June 23, 2017, the Court entered an Order [Docket #85] approving the sale of the Debtor's interests in the 779 Stradella Property, consisting of a single family residence and improvements and more particularly described herein, including any and all improvements to such property to DCM P-9, LLC, a Delaware limited liability company ("DCM P-9") (the "Sale Approval Order"). At the time of this transaction I was informed and believed based on information supplied to me by Mr. Manafort, Mr. Browndorf, and others associated with DCM P-9 and its sister company DCM P-8, that I held a 50% ownership interest in both DCM P-9 and its sister company DCM P-8 along with Mr. Manafort and perhaps others.

7. I am informed and believe and upon said information and belief assert that if the propose sale to DCM P-9 is consummated, the proceeds from the proposed Stradella Property sale to DCM P-9 will result in the payment of all secured claims against the Stradella Property (excluding an insider lien which will be waived if the sale

closes) and all other allowed or stipulated claims against the Debtor. However, over the past three weeks I have attempted to confirm whether DCM P-9 and its sister company, DCM P-8, have obtained sufficient lending commitments to close on the proposed sale. As of the date of this Declaration I have found no evidence and I have not been able to confirm from any source that DCM P-9 and DCM P-8 have obtained loan commitments for the proposed deal.

8. Based on the inability of DCM P-9 to fund the proposed sale transaction, the Debtor and the Buyer entered into an agreement that provided a brief extension of the diligence deadline until October 13, 2017, and deadline to close the sale of approximately sixty (60) days from August 21, 2017 to October 20, 2017. A true and correct copy of the October 20, 2017-extension is attached hereto as Exhibit "A," and by this reference incorporated herein as if set forth in full. I executed the First Amendment on behalf of the Debtor.

9. Subsequently, acting through counsel, the Debtor and Genesis negotiated an extension of the diligence period to November 14, 2017, and the deadline to close to November 21, 2017 (hereinafter the "Second Extension Date"). The Buyer further agreed as part of the Second Extension to continue making monthly adequate protection payments to Genesis in the amount of $73,782.90 which are due as follows: (1) the first payment is due on or before August 23, 2017; (2) the second payment is due on September 21, 2017; and (3) the third payment is due on October 21, 2017 (collectively, "Adequate Protection Payments"). In consideration for its agreement to the Second Extension Date, Debtor has also agreed that it will not oppose a motion to dismiss this case, if any of the Adequate Protection Payments are not timely made or if the Sale fails to close on the Extension Date. A true and correct copy of the Second Extension is attached hereto as Exhibit "B," and by this reference incorporated herein as if set forth in full. I **NEVER** executed the Second Amendment on behalf of the Debtor. Any statements made to this Court, to DCM or Genesis to the contrary are false. In fact I asked counsel for DCM for a simple clarification which would allow me or my assign to

- 4 -

DECLARATION OF JEFFREY C. YOHAI IN REGARD TO MOTION FOR ORDER

consummate the Sale Agreement should DCM not be able to perform. This clarification was <u>not</u> intended to benefit me personally but to assure that a sale of the 779 Stradella Property would be done this month (or next month) and the creditors paid through my alternative proposed financing.

10. When presented with a copy of the Second Amendment, I requested clarification from DCM as to **(1)** the ownership interests in DCM P-8 and DCM P-9, **(2)** DCM P-8's and DCM P-9's ability to obtain sufficient funding to consummate the proposed Sale deal, and **(3)** the validity of the Manafort junior lien claim. Over the past two-weeks I have been in communication with Paul Manafort, Mr. Browndorf's office, and others associated with DCM and based on these conversations it is now clear to me that DCM P-8 and DCM P-9 do not presently have a loan commitment sufficient to close the proposed sale deal and that the ownership and control of DCM P-8 and DCM P-9 has been misrepresented to me and counsel for the Debtors in the chapter 11 cases. I am informed and believe and upon said information and belief assert that Paul Manafort, Mr. Browndorf's office, and others associated with DCM have all conspired to mislead this Court and Genesis as to their true intentions and motivations.

11. Based on my conversations with various parties related to the proposed sale of the Stradella Property to DCM-9, including, but not limited to, creditor Paul Manafort, Mr. Browndorf's office, and others, Mr. Manafort will waive his claim against the Stradella Property and the Debtor if the sales of both the Stradella Property and the Mt. Yohai Property to DCM P-9 and DCM P-8, respectively, are approved by this bankruptcy court. However, Mr. Manafort's secured claim was recorded within 90-days of the filing date of the chapter 11 cases and Mr. Manafort's claims include money which belongs to me and other third-parties other than Mr. Manafort. Mr. Manafort is also an insider of the Debtors. Hence, I am informed and believe and upon said information and belief assert that Mr. Manafort's claim is worthless and cannot be in consideration of any proposed sale deal.

DECLARATION OF JEFFREY C. YOHAI IN REGARD TO MOTION FOR ORDER

12. In response to the lack of clarity and truthfulness from Paul Manafort, Mr. Browndorf's office, and others associated with DCM, and consistent with my fiduciary duties as the managing member of the 779 Stradella Debtor's Manager, I caused an appraisal to be conducted for the 779 Stradella Property. A true and correct copy of the 779 Stradella Property appraisal is attached hereto as Exhibit "C," and by this reference incorporated herein as if set forth in full.

13. Based on the current valuation of the 779 Stradella Property, I sought out and obtained a loan commitment which is based on the current valuation of the 779 Stradella Property. A true and correct copy of the redacted Loan Commitment for the 779 Stradella Property is attached hereto as Exhibit "D," and by this reference incorporated herein as if set forth in full. On behalf of the borrower I have accepted the loan terms, paid the required commitment fee, and I am ready to close the loan upon entry of an Order of this Court amending the Court's entered Order [Docket #85] approving the sale of the Debtor's interests in the 779 Stradella Property to allow my proposed financing to close in place and instead of DCM.

14. Under my proposed financing deal, creditors of the 779 Stradella Debtor would be paid as follows:

    a) 100% of the allowed administrative claims would be paid after closing and after entry of Orders allowing their claims;

    b) The Genesis loan would be paid 100% of outstanding principal plus 100% of interest calculated at the regular loan interest rate through close of escrow;

    c) The alleged secured claim of Paul Manafort would be waived by Mr. Manafort, and if not waived by Mr. Manafort, would be subject to a challenge as a preference and/or fraudulent conveyance;

    d) The claims of unsecured creditors would be paid after closing and after entry of Orders allowing their claims; and

///

A chart showing the use of loan proceeds is attached hereto as Exhibit "E," and by this reference incorporated herein as if set forth in full.

I declare under penalty of perjury and the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 27th day of September 2017, at Los Angeles, California.

_____
JEFFREY C. YOHAI

DECLARATION OF JEFFREY C. YOHAI IN REGARD TO MOTION FOR ORDER