**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden State Bar No. 133040
jgolden@wgllp.com
Faye C. Rasch State Bar No. 253838
frasch@wgllp.com
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Thomas H. Casey,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:16-bk-15156-CB |
| 779 STRADELLA, LLC, a Delaware Limited Liability Company.<br><br>        Debtor. | Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**<br>**(1)    AUTHORIZING SALE OF REAL PROPERTY FREE AND CLEAR OF ALL LIENS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**<br>**(2)    APPROVING OVERBID PROCEDURES;**<br>**(3)    APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND**<br>**(4)    AUTHORIZING PAYMENT OF UNDISPUTED LIENS AND OTHER ORDINARY COSTS OF SALE**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF THOMAS H. CASEY IN SUPPORT**<br><br>**[779 Stradella Road, Los Angeles, CA]**<br><br>**DATE:    June 5, 2018**<br>**TIME:    2:30 p.m.**<br>**CTRM:    5D**<br>**        411 West Fourth Street**<br>**        Santa Ana, California 92701** |

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1163790.1

MOTION

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ........................................................................................................ 1

    A.   Marketing of the Property and Accepted Offer ......................................... 1

    B.   Benefit to the Estate .................................................................................. 2

II.  STATEMENT OF FACTS ......................................................................................... 2

    A.   General Background and Bankruptcy Case ................................................ 2

III. THE PROPOSED SALE ........................................................................................... 3

IV.  DISPUTED LIENS .................................................................................................... 3

V.   RESERVATION OF RIGHTS .................................................................................. 3

VI.  MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 4

    A.   The Trustee May Sell Property of the Estate Pursuant to 11 U.S.C.
        § 363(b) ...................................................................................................... 4

    B.   The Trustee May Sell the Property Free and Clear of Liens, Claims
        and Interests .............................................................................................. 4

    C.   The Buyer Should Be Deemed a "Good Faith Purchaser" Pursuant to
        11 U.S.C. § 363(m) ................................................................................... 5

    D.   Adequate Notice of the Sale is Proposed ................................................. 5

VII. PROPOSED OVERBID PROCEDURES ................................................................. 6

    A.   Overbid Procedures .................................................................................. 6

    B.   The Bankruptcy Court has the Authority to Implement the Proposed
        Overbid Procedures .................................................................................. 7

VIII. CONCLUSION .......................................................................................................... 8

    DECLARATION OF THOMAS H. CASEY ................................................... 10

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

i

1

## TABLE OF AUTHORITIES

2                                                                          **Page(s)**

3                              ### CASES

4    *In re 240 North Brand Partners, Ltd.,* 200 B.R. 653 (B.A.P. 9th Cir. 1996) ................................... 4

5    *In re America West Airlines,* 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) ........................................ 4

6    *In re Ernst Home Center, Inc.,* 209 B.R. 974 (Bankr. W.D. Wash. 1997) ...................................... 4

7    *In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983) ................................................................. 4

8    *In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830 (Bankr. C.D. Cal. 1991) ................................. 4

9                              ### *STATUTES*

10   *11 U.S.C. § 363(b)* ................................................................................................................. *1, 4, 5*

11   *11 U.S.C. § 363(f)* .................................................................................................................. *1, 4, 5*

12   *11 U.S.C. § 363(m)* ................................................................................................................... *1, 5*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE:**

Thomas H. Casey, the chapter 7 trustee  (the "Trustee") of the bankruptcy estate (the "Estate") of 779 Stradella, LLC (the "Debtor"), submits this *Motion for Order Authorizing Sale of Real Property Free and Clear of Liens Pursuant to 11 U.S.C. §§ 363(b) and (f); (ii) Approving Overbid Procedures; (iii) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (iv) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the declaration of Thomas H. Casey (the "Casey Declaration") and respectfully represents as follows:

**I.    INTRODUCTION**

By this Motion, the Trustee is seeking authority to, inter alia, sell the property commonly known as 779 Stradella Road, Los Angeles, California (the "Property") to Genesis Capital Master Fund II, LLC (the "Secured Creditor" or the "Buyer").  As is set forth in detail herein, the Property is significantly over-encumbered.  In light of the fact that the Property is over-encumbered, a sale to the Secured Creditor is the only logical or possible path for the sale of the Property unless the Trustee is able to generate overbids.

**A.    Marketing of the Property and Accepted Offer**

Following his appointment, the Trustee undertook efforts to value the Property and ultimately determined it would not yield value to the Estate if sold on the open market as it is over-encumbered.  In particular, the Trustee obtained a purchase price opinion proposing to list the Property for sale in an amount that would have been insufficient to pay the Secured Creditor's first deed of trust in full, not to mention any claims junior to the Secured Creditor.  Accordingly, after extensive negotiations, the Trustee and the Secured Creditor reached an agreement for the purchase of the Property in an amount designed to pay all allowed administrative, secured, priority claims in full.  A true and correct copy of the Purchase and Sale Agreement (the "Sale Agreement") is attached to the Casey Declaration as **Exhibit "A."**  The Agreement achieves the highest and best

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  possible offer for the Property as it addresses the Secured Creditor's lien, and generates funds for

2  unsecured creditors.

3      In addition, as part of the Sale Agreement, the Trustee will market the Property in an effort

4  to generate overbids.  The Sale Agreement specifies that to do so, the Trustee will actively market

5  the Property, consistent with industry standards.  The Trustee will engage in generally accepted

6  marketing procedures for a period of not less than three weeks, as well as publish information

7  regarding the proposed sale in three publications to be selected by the Trustee in consultation with

8  the Secured Creditor (the "Marketing Efforts").  The Secured Creditor will pay for the reasonable

9  costs and expenses incurred by the Trustee in connection with the Marketing Efforts up to a

10  maximum, aggregate amount of $2,500.00 absent further agreement.

11      **B.**    **Benefit to the Estate**

12      The Trustee believes that the gross proceeds from the sale of the Property (the "Sale") prior

13  to subtracting costs of sale will be approximately $104,000.00.

14  **II.**    **STATEMENT OF FACTS**

15      **A.**    **General Background and Bankruptcy Case**

16      On December 21, 2016, the Debtor filed a voluntary petition for relief under chapter 11 of

17  Title 11 of the United States Code (the "Bankruptcy Code").  Upon a motion by the United States

18  Trustee, the Debtor's case was converted to one under chapter 7 by order entered on December 1,

19  2017.  Thomas H. Casey was appointed the chapter 7 trustee on December 4, 2017.

20      The Debtor's sole asset is the Property – a single-family residence located at 779 Stradella

21  Road, Los Angeles, California 90077.  It is encumbered by (i) a first priority deed of trust held by

22  Genesis Capital Master Fund II, LLC, that secures a debt of no less than $7.96 million, (ii) a second

23  priority deed of trust held by Paul Manafort that secures an alleged debt of approximately

24  $2.7 million (the "Manafort Lien"), (iii) property tax liens held by the Los Angeles County Tax

25  Collector that secure tax obligations of approximately $200,000, (iv) a lien in favor of Vantage

26  Design Group, Inc. in the amount of $63,352.43 (the "Vantage Lien"), and (v) a lien in favor of Mr.

27  Speedy Plumbing & Rooter, Inc. in the amount of $15,500 (the "Speedy Lien").

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## III.    THE PROPOSED SALE

The Trustee and the Secured Creditor have entered into an agreement regarding the sale of the Property, the salient terms of which are summarized below:

A.    <u>Bankruptcy Court Approval</u>.  The Sale Agreement is subject to Bankruptcy Court approval.

B.    <u>Purchase Price</u>.  The total purchase price for Property is One Hundred and Four Thousand Dollars and No Cents ($104,000.00) in readily available funds (the "Cash Amount") <u>plus</u> (ii) a credit bid by the Secured Creditor in the Secured Creditor's sole discretion, in accordance with 11 U.S.C. 363§(k) (the "Purchase Price").  The cash portion of the payment shall be made by wire transfer for the benefit of the Estate.

C.    <u>Taxes</u>.  The Secured Creditor shall pay all Outstanding Real Estate Tax as specifically set forth in the Sale Agreement.

D.    <u>Allowed Claim</u>.  The Secured Creditor shall receive an allowed claim in an amount set forth on a declaration submitted by the Secured Creditor.

E.    <u>Benefit to the Estate</u>:  The gross proceeds of the Sale prior to subtracting costs of sale will be approximately $104,000.00.

## IV.    DISPUTED LIENS

The Manafort Lien and the Vantage Lien are each disputed as preferential transfers. The Manafort Lien was recorded just days before the Petition Date on December 19, 2016.  Similarly, the Vantage Lien was recorded on December 15, 2016.  The Speedy Lien, recorded after the Petition Date on November 22, 2017, is disputed as an authorized post-petition transfer as well as violative of the automatic stay.

## V.    RESERVATION OF RIGHTS

The Trustee reserves the right to object to all or any portion of each and every claim or encumbrance that has or will be asserted against the Property.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  VI.    **MEMORANDUM OF POINTS AND AUTHORITIES**

2        A.    **The Trustee May Sell Property of the Estate Pursuant to 11 U.S.C. § 363(b)**

3        11 U.S.C. § 363(b) empowers a trustee to "use, sell or lease . . . other than in the ordinary

4  course of business, property of the estate."  In considering a proposed transaction to use, sell, or

5  lease, courts look at whether the transaction is in the best interests of the estate based on the facts

6  and history of the case.  *In re America West Airlines,* 166 B.R. 908, 912 (Bankr. D. Ariz. 1994)

7  (*citing In re Lionel Corp.,* 722 F.2d 1063, 1071 (2d Cir. 1983)).  This requires examination of the

8  "business justification" for the proposed sale.  *In re 240 North Brand Partners, Ltd.,* 200 B.R. 653

9  (B.A.P. 9th Cir. 1996); *In re Wilde Horse Enterprises, Inc.,* 136 B.R. 830 (Bankr. C.D. Cal. 1991);

10  *In re Ernst Home Center, Inc.,* 209 B.R. 974 (Bankr. W.D. Wash. 1997).

11        In approving any sale outside the ordinary course of business, there must be a sufficient

12  business reason for the sale and it must be in the best interest of the estate.  Here, the proposed

13  transaction has a legitimate business justification and is in the best interest of the Estate.  The Sale

14  will address the Secured Creditor's lien as well as generate funds for the benefit of the Estate and

15  its unsecured creditors.

16        B.    **The Trustee May Sell the Property Free and Clear of Liens, Claims and**

17              **Interests**

18        The Trustee seeks authority to sell the Property free and clear of all liens and encumbrances

19  pursuant to 11 U.S.C. § 363(f) which provides:

20        The Trustee may sell property under subsection (b) or (c) of this
          section free and clear of any interest in such property of an entity
21        other than the estate, only if -

22        (1)    applicable nonbankruptcy law permits sale of such
          property free and clear of such interest;
23

24        (2)    such entity consents;

25        (3)    such interest is a lien and the price at which such
          property is to be sold is greater than the aggregate value of all liens
          on such property;
26

27        (4)    such interest is in bona fide dispute; or

28        (5)    such entity could be compelled, in a legal or equitable
          proceeding, to accept a money satisfaction of such interest.

Because subsections (1) through (5) of Bankruptcy Code § 363(f) are written in the disjunctive, authority to sell the Property free and clear of any and all interests therein should be granted if any of the conditions are met with respect to each interest holder.  In this case, all liens, obligations, or liabilities relating to the Property are either disputed or will be paid by the Secured Creditor.

**C.**     **The Buyer Should Be Deemed a "Good Faith Purchaser" Pursuant to 11 U.S.C. § 363(m)**

11 U.S.C. § 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

A good faith buyer "is one who buys 'in good faith' and 'for value.'"  Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992) (citing In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir. 1986)).  "[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'"  *Id. (quoting Community Thrift & Loan v. Suchy (In re Suchy),* 786 F.2d 900, 902 (9th Cir. 1985)).  In the instant case, the Secured Creditor will credit bid in an amount to be determined, in its sole discretion, plus provide the Cash Amount.  The anticipated sale of the Property has been negotiated with the Secured Creditor in "arm's-length" discussions. *See* Casey Declaration.  Moreover, the sale will be conducted in a commercially reasonable manner following appropriate notice.  Based on such facts and circumstances, the Trustee believes that this Court can properly determine the Buyer as a "good faith purchaser" pursuant to 11 U.S.C. § 363(m).

**D.**     **Adequate Notice of the Sale is Proposed**

The Trustee proposes to provide notice of the Sale to be posted by the Clerk's Office and to serve notice of the Sale on the Office of the United States Trustee, all creditors, and all other parties receiving ECF and special notice in this case.  Further, the Property is subject to overbid, and the

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  ability of other potentially interested parties to provide competing offers for the Property ensures

2  that the proposed Sale will not result in a lucrative "windfall" to the Buyer at the expense of

3  creditors of the Estate. *See In re Onouli Kona Land Co.,* 846 F.2d 1170 (9th Cir. 1988).

## VII.   PROPOSED OVERBID PROCEDURES

### A.   Overbid Procedures

The Trustee proposes the following procedure to allow for overbids prior to the Court's
approval of the Sale of the Property to ensure that the Property is sold for the best possible price:

1.      Qualifying bidders ("Qualifying Bidder") shall:

a.      Bid at least an amount sufficient to satisfy the Secured Creditor's lien
or an amount to which the Secured Creditor consents, plus the Outstanding Real
Estate Tax, plus $114,000 in cash for the Property;

b.      Set forth in writing the terms and conditions of the offer that are at
least as favorable to the Trustee as those set forth in the Sale Agreement attached as
Exhibit "A";

c.      Be financially qualified, in the Trustee's exercise of his sound
business judgment, to close the sale as set forth in the Sale Agreement;

d.      Submit an offer that does not contain any contingencies to closing the
sale, including, but not limited to, financing, inspection, or repair contingencies;

e.      Submit a cash deposit for the Property in the amount of $15,000.00
(the "Overbid Deposit") payable to Thomas H. Casey, Chapter 7 Trustee for the
Bankruptcy Estate of 779 Stradella, LLC in the form of a cashier's check, which
Overbid Deposit shall be non-refundable if the bid is deemed to be the Successful
Bid, as defined in paragraph 4 below.  The Overbid Deposit, written offer, and
evidence of financial qualification must be delivered to the Trustee's counsel (at the
address shown in the upper left-hand corner of the first page of this Motion) at or
before the hearing currently set for June 5, 2018, at 2:30 p.m.

2.      At the hearing on the Motion, only the Buyer and any party who is deemed a
Qualifying Bidder shall be entitled to bid.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

3.    Any incremental bid in the bidding process shall be at least $10,000.00 higher than the prior bid.

4.    At the hearing on the Motion and upon conclusion of the bidding process, the Trustee shall decide, subject to Court approval, which of the bids is the best bid, and such bid shall be deemed to be the "Successful Bid." The bidder who is accepted by the Trustee as the successful bidder (the "Successful Bidder") must pay all amounts reflected in the Successful Bid in cash at the closing of the sale. At the hearing on the Motion, and upon conclusion of the bidding process, the Trustee may also acknowledge a back-up bidder (the "Back-Up Bidder") which shall be the bidder with the next best bid. Should the Successful Bidder fail to close escrow on the sale of the Property, the Trustee may sell the Property to the Back-Up Bidder without further Court order.

5.    Overbids shall be all cash and no credit shall be given to the purchaser or overbidder(s).

**B.    The Bankruptcy Court Has the Authority to Implement the Proposed Overbid Procedures**

Implementation of the bidding procedures is an action outside of the ordinary course of business. 11 U.S.C. § 363(b)(1) provides that a trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Furthermore, under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of overbidding procedures.

The bankruptcy court may issue orders determining the terms and conditions for overbids with respect to a sale of estate assets, including specifying the minimum consideration required for an overbid, the particular contractual terms required to be offered by overbidders, and requiring and setting the amount of potential overbidder's deposits. *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982). The overbid procedures proposed in this Motion will ensure that the Property will generate the greatest possible value to the Estate. They also place appropriate checks upon overbidders to ensure that only Qualified Bids are considered.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

## VIII.   **CONCLUSION**

In light of the foregoing, the Trustee respectfully requests that this Court enter an order:

Based on the foregoing, the Trustee respectfully requests that this Court enter an order:

1.    Granting the Motion;

2.    Approving the terms of the Sale Agreement attached as Exhibit "A" and authorizing the Trustee to sell the Property to the Buyer, Successful Bidder, or the Back-Up Bidder, "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of any and all liens, claims, and interests, except as set forth herein, together with all improvements, as well as all easements and appurtenances, pursuant to 11 U.S.C. §§ 363(b) and (f);

3.    Determining that the Buyer, the Successful Bidder, and the Back-Up Bidder are "good faith purchasers" pursuant to 11 U.S.C. § 363(m);

4.    Attaching to the net sales proceeds in the same value, priority and scope as such liens currently exist against the Property, subject to any and all of the Trustee's rights to object to, dispute, or subordinate such liens, the Manafort Lien, the Vantage Lien, and the Speed Lien, which are disputed and which shall not, at this time, be paid;

5.    Reserving to the Trustee all rights to object to the validity, scope and priority of all disputed liens, claims and interests;

6.    Approving the overbid procedures outlined in the Motion;

7.    Authorizing the Trustee to take any and all necessary actions to consummate the sale of the Property;

8.    Authorizing the Trustee to pay, through escrow, from the proceeds of the sale of the Property and without further order of the Court any escrow fees, title insurance premiums and other ordinary and typical closing costs and expenses payable by the Trustee pursuant to the Sale Agreement or in accordance with local custom;

9.    Waiving any requirements for lodging periods of the order approving this Motion imposed by Local Bankruptcy Rule 9021-1 and any other applicable bankruptcy rules;

10.    Waiving the stay of the order approving this Motion imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules; and

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

11.     For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  April 13, 2018                    WEILAND GOLDEN GOODRICH LLP


By:   */s/ Faye C. Rasch*
          JEFFREY I. GOLDEN
          FAYE C. RASCH
          Attorneys for Thomas H. Casey,
          Chapter 7 Trustee

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1163790.1                              9                              MOTION

# DECLARATION OF THOMAS H. CASEY

I, Thomas H. Casey, declare:

1.      I am the chapter 7 trustee of the bankruptcy estate of 779 Stradella, LLC.   I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion for Order Authorizing Sale of Real Property Free and Clear of Liens Pursuant to 11 U.S.C. § 363(b) and (f); (ii) Approving Overbid Procedures; (iii) Approving Buyer, Successful Bidder, and Back-Up Bidder as Good Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and (iv) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale.* All terms defined in the Motion are incorporated herein by this reference.

2.      I believe the proposed transaction has a legitimate business justification and is in the best interest of the Estate.  The Sale addresses the Secured Creditor's lien and generates additional funds for the benefit of the Estate.

3.      Following my appointment, I undertook efforts to value the Property and ultimately determined it would not yield value to the Estate if sold on the open market as it is over-encumbered.  In particular, I obtained a purchase price opinion proposing to the list the Property for sale in an amount that would have been insufficient to pay the Secured Creditor's first deed of trust in full, not to mention any claims junior to the Secured Creditor.  Accordingly, after extensive negotiations, the Secured Creditor and I reached an agreement for the purchase of the Property in an amount designed to pay all allowed administrative, secured, priority claims in full.

4.      The sale contemplated in this Motion was entered into in good faith and was negotiated at arm's length.  The Purchase and Sale Agreement is attached hereto as **Exhibit "A."**

5.      In addition, as part of the Sale Agreement, I will market the Property in an effort to generate overbids.  The Sale Agreement specifies that to do so, I will actively market the Property, consistent with industry standards.

6.      I will engage in generally accepted marketing procedures for a period of not less than three weeks, as well as publish information regarding the proposed sale in three publications

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  to be selected by me in consultation with the Secured Creditor (the "Marketing Efforts").  The

2  Secured Creditor will pay for the reasonable costs and expenses incurred by me in connection with

3  the Marketing Efforts up to a maximum, aggregate amount of $2,500.00 absent further agreement.

4      I declare under penalty of perjury under the laws of the United States that the foregoing is

5  true and correct.

6      Executed this 13th day of April, 2018, at Rancho Santa Margarita, California.

7

8      _____
       *Signature to be provided*
       THOMAS H. CASEY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

# EXHIBIT A

## PURCHASE AND SALE AGREEMENT

THIS PURCHASE AND SALE AGREEMENT (the "Agreement") is entered into by and between Thomas H. Casey, solely in his capacity as the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of 779 Stradella, LLC (the "Debtor"), on the one hand, and Genesis Capital Master Fund II, LLC (the "Secured Creditor" and along with the Trustee collectively, the "Parties"), on the other hand, with respect to the following recitals and objectives (the "Recitals"):

### RECITALS

A.    On December 21, 2016 (the "Petition Date"), the Debtor filed its petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The case is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court"), bearing *Case No. 8:16-bk-15156-CB* ("Bankruptcy Case").

B.    The Bankruptcy Case was subsequently converted to one under Chapter 7 of the United States Bankruptcy Code. Thereafter, Thomas H. Casey was duly appointed chapter 7 trustee.

C.    As of the Petition Date, the Estate held and the Trustee now holds fee title to the real property commonly known as 779 Stradella Road, Los Angeles, California ("Property").

D.    The Secured Creditor holds a first priority Deed of Trust (which was recorded on March 30, 2016 as Instrument No. 20160349009 in the Official Records of Los Angeles County, California (the "Official Records") (the "Deed of Trust") pursuant to which its $5,950,000.00 loan to the Debtor (the "Loan") is secured by the Property. The outstanding amount of the Loan which is secured by the Deed of Trust as of the date of this Agreement is set forth in the Declaration of the Secured Creditor to be filed seperately plus interest accruing at the rate of $3,191.56 per diem, plus accruing attorneys' fees and costs (collectively, as of any particular time, the "Outstanding Loan Amount").

E.    Paul Manafort holds a second Deed of Trust recorded on December 20, 2016 as Instrument No. 20161618867 in the Official Records (the "Paul Manafort Trust Deed").

F.    The current outstanding real estate tax for the Property is approximately $251,244.79 ("Outstanding Real Estate Taxes").

G.    The Trustee desires to sell to Secured Creditor and Secured Creditor desires to purchase from the Trustee the fee title and all other rights of the Trustee, if any, in and to the Property on the terms and subject to the conditions set forth below, including, but not limited to, conveyance to the Secured Creditor "free and clear" of the Paul Manafort Trust Deed and the Outstanding Real Estate Taxes.

H.    In an effort to maximize the return to the creditors of the Estate, the Trustee has reached an agreement with the Secured Creditor to sell the Property to Secured Creditor as soon as is reasonably practicable.

EXHIBIT A    PAGE 12

## AGREEMENT

Pursuant to the Recitals, and in consideration of the covenants, obligations, agreements, warranties, and representations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the terms and conditions of this Agreement, the Trustee and Secured Creditor, intending, subject to Court approval hereof, to be legally bound by this Agreement, hereby covenant, agree, warrant, represent, and declare as follows:

## ARTICLE 1

## APPROVAL OF AGREEMENT BY COURT

**1.1    Bankruptcy Court Approval.** The Agreement is subject to Court approval and is not binding upon or enforceable against the Parties until an order approving this Agreement is entered by the Court. A motion to approve this Agreement, the form of which shall be subject to the approval of Secured Creditor, not to be unreasonably withheld, shall be prepared and filed in accordance with paragraph 1.3 below (the "Sale Motion"). The effective date of the Agreement (the "Effective Date") is defined as the date on which the order (in form and content satisfactory to Secured Creditor) approving the Sale Motion (the "Sale Order") becomes a final order  For purposes of this Agreement, an order shall be deemed to be a final order fifteen (15) days after its entry unless an appeal is timely-filed and a stay pending appeal is obtained, in which case the order will become final after the stay pending appeal is lifted or removed.  No Effective Date will occur under this Agreement if the Court denies approval of the Sale Motion on the terms required in the Agreement. The Trustee shall use diligent and commercially reasonable efforts to cause the Effective Date to occur in accordance with the terms and provisions of this Agreement.

**1.2    Real Property to be Sold.** The Trustee, on behalf of the Estate, will sell the fee title and all of the Estate's other right, title, and interest in and to the Property to the Secured Creditor.  The sale shall be as-is, where-is and without any representations or warranties of any kind regarding the Estate's interest in the Property, other than the Trustee's representation and warranty hereby made that the Trustee holds and owns fee simple, marketable title to the Property.  Secured Creditor's obligation to consummate the transaction contemplated herein shall be conditioned upon issuance to Secured Creditor at the Closing (as defined below) of an owner's policy of title insurance (in form and content satisfactory to Secured Creditor) issued by a title company selected by Secured Creditor and paid for by Secured Creditor, which policy shall, among other things, insure Secured Creditor's fee title to the Property free and clear of all liens, claims and encumbrances other than those, if any, approved in writing by Secured Creditor.

**1.3    363 Sale:** Within two (2) days of the mutual execution of this Agreement, the Trustee shall file the Sale Motion to sell the Property free and clear of the Paul Manafort Trust Deed, with the lien of the Paul Manafort Trust Deed to attach to the proceeds of the sale of the Property in accordance with 11 U.S.C. §363(f) (the "Sale"). The Sale shall be subject to overbid and shall be conducted in accordance with the terms, conditions and process specifically set forth in the Sale Motion and in Paragraph 2.1 below.  The hearing to consider the Sale Motion shall take place on the first available date on the Court's calendar that is reasonably acceptable to the Parties, but such hearing shall not take place sooner than May 31, 2018.

27

**1.4.     Court Approval and Overbids**.  Secured Creditor shall in good faith exercise all reasonable efforts to cooperate with the Trustee to obtain the Sale Order. Secured Creditor understands that this Sale will be subject to potential overbids in the Court (each, an "Overbid") in accordance with the Sale Motion and following: in the event an Overbid is received by the Trustee, Secured Creditor shall have the right, but not the obligation, to submit an Overbid in accordance with Paragraph 2.1 below . The Trustee shall determine the highest and best bid in his reasonable discretion (the "Winning Bid").

**1.5     Title Transfer**.  If the Secured Creditor is determined to have the Winning Bid, and the Secured Creditor complies with its obligations under the Agreement, the fee title and all other right, title, and interest in and to the Property shall transfer to the Secured Creditor pursuant to a deed (in recordable form and otherwise in form and content satisfactory to Secured Creditor and its title insurer) (the "Deed") recorded in the Official Records on the Effective Date, such transfer to be free and clear of any and all liens, claims, deeds of trust, interests and encumbrances.  Trustee shall transfer and deliver to Secured Creditor on the Closing Date such keys and other similar items as Secured Creditor may reasonably require to obtain occupancy and control of the Property on the Closing Date (as defined below).

**1.6     Agreement Contingent Upon Court Approval and Absence of Lawsuits.**  The Parties' respective obligations to consummate the transaction contemplated by this the Agreement are contingent upon (i) the issuance of the Sale Order by the Bankruptcy Court and such Sale Order becoming a Final Order.  If the Sale Motion is not approved by the Court pursuant to Paragraph 1.1, then the Agreement shall automatically terminate and be of no further force or effect, except to the extent that such lack of Court approval is the result of a Party's breach or default of its obligations, in which event the non-breaching Party shall be entitled to pursue all such rights and remedies as it may be entitled to under applicable law; and (ii) there being no action, suit or other proceedings pending before any court, tribunal or governmental authority seeking or threatening to restrain or prohibit the consummation of the transactions contemplated by this Agreement, or seeking to obtain substantial damages in respect thereof, or involving a claim that consummation thereof would result in the violation of any law, decree or regulation of any governmental authority having appropriate jurisdiction.

## ARTICLE 2

## TERMS OF PURCHASE

**2.1     Purchase Price:**  At the Closing, and in return for conveyance of the Property in accordance with the terms and conditions hereof, the Secured Creditor shall remit the Purchase Price to the Trustee. The "Purchase Price" shall mean (i) One Hundred and Four Thousand Dollars and No Cents ($104,000.00) in readily available funds plus (ii) a credit bid by the Secured Creditor, in the Secured Creditor's sole discretion in accordance with 11 U.S.C. 363§(k). In addition, at the Closing, the Secured Creditor shall pay the Outstanding Real Estate Taxes in accordance with Paragraph 2.2 below.

**2.2     Real Estate Tax.**  The Secured Creditor shall pay all accrued and Outstanding Real Estate Taxes that are due and owing as of the Closing Date, and agrees and understands that such obligation shall be that of the Secured Creditor.

37

2.3    **Allowed Claim**.  The Secured Creditor shall be granted an allowed claim in the amount set forth on a separate Declaration to be filed prior to the hearing.

2.4    **Marketing Efforts.**  The Trustee shall actively market the Property, consistent with industry standards. The Trustee shall engage in generally accepted marketing procedures for a period of not less than three weeks, as well as publish information regarding the proposed sale in three publications to be selected by the Trustee in consultation with the Secured Creditor ("Marketing Efforts").  The Secured Creditor shall pay for the reasonable costs and expenses incurred by the Trustee in connection with the Marketing Efforts up to a maximum, aggregate amount of $2,500.00 absent further agreement.

### 2.5    Closing Date & Conditions

The closing shall take place at the offices of Pachulski Stang Ziehl Jones 10100 Santa Monica Blvd. 13th Floor, Los Angeles, CA 90067-4003 ("Closing" or "Closing Date") or at such other place or in such other manner as the Parties may mutually agree in writing, no later than two (2) days after the Sale Order becomes final.   Secured Creditor's obligation to consummate the transaction contemplated by this Agreement shall be conditioned upon the occurrence of the Closing by no later than June 15, 2018, absent a further agreement (the "Outside Date"), it being agreed that Secured Creditor shall have the right to terminate this Agreement upon written notice to Trustee in the event that the Closing does not occur by the Outside Date, but the Secured Creditor shall not have the right to so terminate if the failure of the Closing to occur by the Outside Date is the result of Secured Party's breach or default hereunder.  Upon such a termination of this Agreement, this Agreement shall become null, void and of no further force or effect.

### ARTICLE 3

### DISPUTES AND REMEDIES

3.1    **Limitation of Remedies and Damages.**  In the event there is any dispute under this Agreement, the aggrieved Party shall not be entitled to exemplary or punitive damages so that the aggrieved Party's remedy in connection with any action arising under or in any way related to this Agreement shall be limited to a breach of contract action and any damages in connection therewith are limited to actual damages.

### ARTICLE 4

### REPRESENTATIONS AND WARRANTIES

4.1    **Reliance on Independent Investigation.**  Except as otherwise provided in this Paragraph, the Parties acknowledge that they have entered into this Agreement in reliance on their own independent investigations and analysis of the facts underlying the subject matter of this Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce them to execute this Agreement other than those that are expressly set forth herein.

47

**4.2     Advice of Counsel.** The Parties acknowledge and represent that they have the advice of attorneys of their own choosing in connection with the evaluation and execution of this Agreement or that after being advised to consult with an attorney of their own choosing, they have voluntarily opted not to do so.

**4.3     No Prior Assignments.** Each Party represents that it has not pledged, transferred, or assigned to any third party any right, interest, claim, or cause of action being transferred, conveyed, released, or compromised pursuant to this Agreement, and will indemnify all other Parties from and against any third party claim asserting such a pledge, transfer, or assignment of any such right, interest, claim, or cause of action.

**4.4     Execution of Documents and Capacity to Enter Into the Agreement.** Each Party does hereby state, certify, warrant, and represent to the other that such party has the right, power, capacity, and authority to enter into this Agreement, and, subject to the entry of the Sale Order, to fully perform its obligations under this Agreement, and hereby agrees to execute all instruments reasonably necessary to consummate the transaction contemplated by this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which such Party is bound.

## ARTICLE 5

## GENERAL TERMS AND PROVISIONS

**5.1     Entire Agreement.** This Agreement will constitute the entire agreement between the Parties and supersede all prior or contemporary understandings or agreements. No supplement, modification, waiver or termination shall be binding or enforceable unless executed in writing by the parties to be bound thereby.

**5.2     Amendment of Agreement.** No modification of, deletion from, or addition to this Agreement shall be effective unless made in writing and executed by the Parties hereto.

**5.3     Construction of Agreement.** The provisions of this Agreement shall be liberally construed to effectuate the intended settlement of the disputes and the release of all related claims. Section headings have been inserted for convenience only and shall not be given undue consideration in resolving questions of construction or interpretation. For purposes of determining the meaning of, or resolving any ambiguity with respect to, any word, phrase, term, or provision of this Agreement, each Party shall be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal control over the preparation of this document, such that neither the Agreement nor any uncertainty or ambiguity herein shall be arbitrarily construed or resolved against any Party under any rule of construction.

**5.4     Further Assurances.** Each Party shall promptly execute (in recordable form, if applicable) any and all instruments and documents and take all other actions that may be required or reasonably requested by the other (including, without limitation, in the Trustee's case, executing and delivering any customary documents requested or required by Secured Creditor's title insurer) to effectuate the contemplated settlement and release. Without limiting the foregoing, the Trustee shall obtain and provide to Secured Creditor a certified copy of the entered Sale Order for recording in the Official Records concurrently with the Deed.

57

**5.5** **Attorneys' Fees.** If any action or proceeding arising out of, or in connection with, or relating to this Agreement is instituted, the prevailing party shall be awarded its reasonable attorneys' fees and other reasonable costs.

**5.6** **Governing Law/ Jurisdiction.** This Agreement shall be interpreted and governed by the laws of the State of California. In the event that a dispute arises regarding this Agreement, the Court shall have exclusive jurisdiction to interpret and enforce this Agreement.

**5.7** **Counterparts.** This Agreement may be executed in one or more counterparts. When counterparts have been executed by all the Parties hereto, this Agreement shall become effective, and the counterparts shall together constitute one document.

**5.8** **Severability.** In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement shall nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties or otherwise materially adversely affect the benefit of this Agreement to a Party.

**5.9** **Waiver.** The failure by any Party to enforce any term or provision of this Agreement shall not constitute a waiver of the right to enforce the same term or provision, or any other term or provision, thereafter. No waiver by any Party of any term or provision of this Agreement shall be deemed or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

**5.10** **Inurement.** This Agreement shall inure to the benefit of and be fully binding upon each of the Parties and upon their respective heirs, executors, successors, assigns, and grantees.

**5.11** **Notice.** Whenever any party hereto is required or shall desire to give or serve upon the other any notice, demand, request or other communication, each such notice, demand, request or other communication shall be in writing and shall be given or served personally, or by overnight carrier or same-day messenger service, or by telecopy transmission followed immediately by mail, all to be addressed to the addresses set forth below.

If to Trustee:
Jeffrey I. Golden
Faye C. Rasch
Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, CA 92626
Telephone: (714) 966-1000
Facsimile: (714) 966-1002

67

If to the Secured Creditor:    Genesis Funding II, LLC
c/o Jeffrey W. Dulberg
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4114
Telephone:  (310) 277-6910
Facsimile: (310) 201-0760

Service of any such notice, demand or request so made shall be deemed complete on the date of actual delivery.  Any party hereto may from time to time, by notice in writing served upon the other party as aforesaid, designate a different mailing address or a different person or additional persons to which all such notices, demand or requests are thereafter to be addressed.

    5.12.  **Time of Essence**.  Time is of the essence in this Agreement and in all of the terms, provisions and conditions thereof.

    5.13.  **No Brokerage Obligations**. Trustee and Secured Party each represent and warrant to the other that, such Party has incurred no liability to any real estate broker or other broker or agent with respect to the payment of any commission regarding the consummation of the transaction contemplated hereby.  It is agreed that if any claims for commissions, fees or other compensation, including, without limitation, brokerage fees, finder's fees, or commissions are ever asserted against Secured Party or the Trustee or the Estate in connection with this transaction, all such claims shall be handled and paid by the Party whose actions form the basis of such claim and such Party shall indemnify, defend (with counsel reasonably satisfactory to the Party entitled to indemnification), protect and save and hold the other harmless from and against any and all such claims or demands asserted by any person, firm or corporation in connection with the transaction contemplated hereby.

    IN WITNESS WHEREOF, the Parties have executed this Agreement for reference purposes as of the date first set forth above.

Dated: 4/6/18                 _____
                          Thomas H. Casey, Chapter 7 Trustee

Dated:                    _____
                          Genesis Capital Masterfund II, LLC

Dated:                    _____

77

If to the Secured Creditor:    Genesis Funding II, LLC
c/o Jeffrey W. Dulberg
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4114
Telephone:  (310) 277-6910
Facsimile: (310) 201-0760

Service of any such notice, demand or request so made shall be deemed complete on the date of actual delivery.  Any party hereto may from time to time, by notice in writing served upon the other party as aforesaid, designate a different mailing address or a different person or additional persons to which all such notices, demand or requests are thereafter to be addressed.

    5.12.  **Time of Essence**.  Time is of the essence in this Agreement and in all of the terms, provisions and conditions thereof.

    5.13.  **No Brokerage Obligations**. Trustee and Secured Party each represent and warrant to the other that, such Party has incurred no liability to any real estate broker or other broker or agent with respect to the payment of any commission regarding the consummation of the transaction contemplated hereby.  It is agreed that if any claims for commissions, fees or other compensation, including, without limitation, brokerage fees, finder's fees, or commissions are ever asserted against Secured Party or the Trustee or the Estate in connection with this transaction, all such claims shall be handled and paid by the Party whose actions form the basis of such claim and such Party shall indemnify, defend (with counsel reasonably satisfactory to the Party entitled to indemnification), protect and save and hold the other harmless from and against any and all such claims or demands asserted by any person, firm or corporation in connection with the transaction contemplated hereby.

    IN WITNESS WHEREOF, the Parties have executed this Agreement for reference purposes as of the date first set forth above.

Dated:                 _____
                            Thomas H. Casey, Chapter 7 Trustee

Dated:                 _____
                            Genesis Capital Masterfund II, LLC

Dated:                 _____

77

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 950**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Chapter 7 Trustee's Motion for Order: (1) Authorizing Sale of Real Property Free and Clear of all Liens Pursuant to 11 U.S.C. §§ 363(b) and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder, and Back-Up Bidder as Goodfaith Purchaser Pursuant to 11 U.S.C. § 363(m); and (4) Authorizing Payment of Undisputed Liens and Other Ordinary Costs of Sale Memorandum of Points and Authorities and Declaration of Thomas H. Casey in Support</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>April 13, 2018</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) <u>April 13, 2018</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⊠ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>April 13, 2018</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 4/13/2018 | Victoria Rosales | *victoria* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

<u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>:
**Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
**Jeffrey W Dulberg**    jdulberg@pszjlaw.com
**Marc C Forsythe**    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
**Richard Girgado**    rgirgado@counsel.lacounty.gov
**Jeffrey I Golden**    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
**Michael J Hauser**    michael.hauser@usdoj.gov
**James Andrew Hinds**    jhinds@jhindslaw.com, mduran@jhindslaw.com
**Marc Y Lazo**    mlazo@whbllp.com
**Daren M Schlecter**    daren@schlecterlaw.com, bgill@schlecterlaw.com
**Kambiz J Shabani**    joseph@shabanipartners.com, kevin@shabanipartners.com
**Paul R Shankman**    pshankman@jhindslaw.com, mduran@jhindslaw.com
**Rachel M Sposato**    rsposato@jhindslaw.com, mduran@jhindslaw.com
**United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

<u>**SERVED BY UNITED STATES MAIL**</u>:
779 Stradella, LLC
A Delaware Limited Liability Company
3991 MacArthur Blvd., Suite 125
Newport Beach, CA 92660-3049

Genesis Capital Master Fund II LLC
Jeffrey W. Dulberg
c/o Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4003

Genesis Capital Master Fund II, LLC
Attn Lending Department
21650 Oxnard Street, Suite 1700
Woodland Hills, CA 91367-5058

Los Angeles County
Treasurer and Tax Collector
PO Box 54110
Los Angeles, CA 90054-0110

Paul Manafort
721 Fifth Avenue #43G
New York, NY 10022-2537

Mr. Speedy Plumbing and Roofing, Inc.
Attn: Alfred J. Marzouk, Owner/President
3130 E. Olympic Blvd.
Los Angeles, CA 90023-3602

Vantage Design Group
Attn: Russ Holthouse, Agent for Service of Process
2634 S. La Cienega Blvd.
Los Angeles, CA 90034-2604

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**