JAMES ANDREW HINDS, JR. (SBN 71222)
jhinds@jhindslaw.com
PAUL R. SHANKMAN (SBN 113608)
pshankman@jhindslaw.com
RACHEL M. SPOSATO (SBN 306045)
rsposato@jhindslaw.com
HINDS & SHANKMAN, LLP
21257 Hawthorne Blvd., 2nd Floor
Torrance, CA 90503
Telephone: (310) 316-0500
Facsimile: (310) 792-5977

Attorneys for Baylor Holding, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>779 STRADELLA, LLC, a Delaware liability company,<br><br>Debtor and Debtor in Possession. | Case No. 8:16-bk-15156-CB<br><br>(Chapter 7)<br><br>**NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC; DECLARATION OF JAMES ANDREW HINDS, JR. IN SUPPORT THEREOF**<br><br><u>**HEARING DATE:**</u><br>DATE:  June 18, 2018<br>TIME:  10:00 a.m.<br>CTRM:  5D<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND ITS**

NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

1

**COUNSEL OF RECORD, BAYLOR HOLDING, LLC, AND TO ALL PARTIES-IN-INTEREST AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Hinds & Shankman, LLP (hereinafter referred to as "H&S"), counsel for Baylor Holding, LLC (hereinafter referred to as "Baylor"), the Managing Member of the Debtor, 779 Stradella, LLC, the Debtor in the above-captioned case, hereby files this Motion for Leave to Withdraw as Counsel for Baylor pursuant to Local Bankruptcy Rule 2091-1 (hereinafter referred to as the "Motion").

This Motion is based upon Local Bankruptcy Rule 2091-1(a), the Motion, the Declaration of James Andrew Hinds, Jr., the documents and pleadings already filed in this bankruptcy proceeding, and upon such further oral and/or documentary evidence as may be presented at the time of the hearing.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(p), the Court may grant the Motion without a hearing after notice has been provided. If you oppose this Motion, you are required to file a written opposition no later than fourteen (14) days before the date designated for hearing and serve a copy of the opposition on the moving party and the United States trustee.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 2091-1(d) and the California Rules of Professional Conduct, H&S has provided notice to Baylor of the consequences of its inability to appear without counsel.

//
//
//
//
//
//
//
//

NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

2

**WHEREFORE,** H&S respectfully requests that this Court enter an Order: **(1)** granting the Motion in its entirety, and **(2)** granting such other and further relief as the Court deems just and proper.

Dated: May 25, 2018

JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
RACHEL M. SPOSATO
HINDS & SHANKMAN, LLP

By:/s/ Rachel M. Sposato
       RACHEL M. SPOSATO,
Attorneys for Baylor Holding, LLC,
Managing Member of the Debtor and
Debtor-in-Possession

NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR
THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

3

## MEMORANDUM OF POINTS AND AUTHORITIES

I.

## INTRODUCTION

This Motion is made pursuant to Rule 2091-1 of the Local Rules of the United State Bankruptcy Court for the Central District of California (hereinafter referred to as the "LBR") and Rules 3-700(A) and 3-700(C)(1)(f) of the California Rules of Professional Conduct, on the grounds that **(1)** leave of Court is required for H&S to withdraw as counsel in this matter pursuant to LBR 2091-1, and **(2)** Baylor has breached an agreement and/or obligation to H&S and H&S cannot longer continue to act as counsel for Baylor in this and other matters.

II.

## BACKGROUND

On or about December 21, 2016, 779 Stradella, LLC (hereinafter referred to as the "Debtor") filed for bankruptcy relief under Chapter 11. On or about March 28, 2017, H&S was retained by Baylor to represent its interests as the Managing Member of the Debtor. Declaration of James Hinds at ¶ 2 (hereinafter referred to as the "Hinds Decl."). The Engagement Letter signed by Baylor provides a provision regarding client candor, client cooperation, and client timely payment of fees and expenses. Hinds Decl. at ¶ 3.

Throughout the pendency of the bankruptcy, H&S, on behalf of Baylor, has filed various documents and motions. H&S has also interacted with the creditors of the Debtor and the chapter 7 Trustee appointed in the case. H&S has made appearances before this Court and before other courts on behalf of Baylor.

As of the filing of this Motion, Baylor is in default under various provisions of the singed engagement letter with H&S, including by way of example only, lack of candor, lack of cooperation, and non-payment expenses and attorneys' fees. Hinds Decl. at ¶ 4. Prior to filing this Motion, H&S notified Baylor of these breaches, and that as a result, H&S would be seeking the Court's approval to withdraw as counsel. Hinds Decl. at ¶ 5. H&S also notified

NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR
THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

4

Baylor of the consequences of its inability to represent itself in the pending bankruptcy proceeding pursuant to LBR 2091-1(d). Hinds Decl. at ¶ 6.

### III.

### ARGUMENT

LBR 2091-1(a) provides as follows:

> Except as provided in LBR 2091-1(b), leave of court pursuant to LBR 9013-1(p) is required for:
> (1) An attorney who has appeared on behalf of an entity in any matter concerning the administration of the case, in one or more proceedings, or both, to withdraw as counsel; and
> (2) An entity represented by counsel to appear without counsel or by a different attorney.

Local Bankruptcy Rule 2091-1(a). An attorney seeking to withdraw as counsel is governed not only by the LBR of this Court, but by the rules of Professional Conduct. Such rules are incorporated by reference in this Court. LBR 2090-2(a) provides, "An attorney who appears for any purpose in this court is subject to the standards of professional conduct set forth in Local Civil Rule 83-3." Local Bankruptcy Rule 2090-2(a). Local Civil Rule 83-3.1.2 provides, "…each attorney shall be familiar with and comply with the standards of professional conduct required of members of the State Bar of California and contained in the State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable hereto." Local Rule 83-3.1.2, United States District Court for the Central District of California, Local Civil Rules.

Failure by a client to be candid with counsel, a failure to cooperate in the engagement, and a failure to pay for services are all good cause for counsel to seek leave of the court to withdraw. Rule 3-700(C)(1)(f) provides, "If rule 3-700(B) is not applicable, a member may not request permission to withdraw in matters pending before a tribunal, and may not withdraw in other matters, unless such request or such withdrawal is because: (1) The client … (d) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively, or [¶] (f) breaches an agreement or obligation to the member as to expenses or fees." Cal. R. Prof. Cond. 3-700(C)(1)(d) and (f). "Failure to pay

NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

5

attorneys' fees constitutes good cause for withdrawal under the Rules of Professional Conduct." *Kirkland v. Golden Boy Promotions, Inc.*, 2013 U.S. Dist. LEXIS 198853, *4 (C.D. Cal. May 8, 2013).

Baylor has repeatedly failed to be candid with H&S, top cooperate with H&S and has failed to pay its outstanding attorneys' fees and costs. H&S now believes it has good cause to seek Court approval to withdraw as counsel. H&S can no longer effectively represent Baylor. H&S has advised Baylor of any upcoming hearings and other deadlines in this matter.

## IV.

## NOTICE

Pursuant to LBR 2091-1(c), H&S has provided notice of this Motion to: **(1)** Baylor, **(2)** 779 Stradella, LLC, **(3)** counsel for 779 Stradella, LLC, **(4)** the Office of the United States Trustee, **(5)** counsel for the Trustee, and **(6)** all who have requested notice in this proceeding.

## V.

## CONCLUSION

H&S respectfully requests that this Court enter an Order: **(1)** granting the Motion in its entirety, and **(2)** granting such other and further relief as the Court deems just and proper.

Dated: May 25, 2018

JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
RACHEL M. SPOSATO
HINDS & SHANKMAN, LLP

By:/s/ Rachel M. Sposato
    RACHEL M. SPOSATO,
Attorneys for Baylor Holding, LLC,
Managing Member of the Debtor and
Debtor-in-Possession

NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

6

# DECLARATION OF JAMES ANDREW HINDS, JR. IN SUPPORT OF THE MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

I, James Andrew Hinds, Jr., declare and state as follows:

1. I am an attorney duly licensed to practice law before all of the Courts of the State of California and the United States Circuit Courts of the 9th, 4th, 3rd, the United States District Court for the Central District of California, the Southern District of California, the Northern District of California, and the Eastern District of California. I am the managing partner of Hinds & Shankman, LLP located in Torrance, California. I have personal knowledge of the facts and matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. On or about March 28, 2017, Hinds & Shankman, LLP ("H&S") was engaged by Baylor Holding, LLC ("Baylor") for legal services related to the pending bankruptcy, *In re 779 Stradella, LLC*, United States Bankruptcy Court for the Central District of California, Case No. 8:16-bk-15156-CB and in other matters.

3. Contained within H&S's engagement letter are provisions that mandate that Baylor is to be truthful in its representations to H&S, Baylor is to cooperate in the process of the engagement and that Baylor is to remain current on any bills rendered to Baylor. Baylor is now in breach of these provisions.

4. Baylor has failed and refused to pay its outstanding invoice from H&S thus making it impossible for H&S to continue in this matter.

5. On May 16, 2018, I sent Baylor a letter notifying it that H&S would be seeking to withdraw as counsel for Baylor's breach of the Engagement letter. I then notified Baylor of any pending hearings, motions, and discussions with the chapter 7 Trustee in the case.

//
//
//

NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

7

6. On May 24, 2018, pursuant to LBR 2091-1(d), I notified Baylor by e-mail of the consequences of its inability to appear without counsel.

I declare under the penalty of perjury and the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 25th day of May 2018 at Torrance, California.

*/s/ James Andrew Hinds, Jr.*
James Andrew Hinds, Jr.

NOTICE AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

HINDS & SHANKMAN, LLP, 21257 Hawthorne Blvd., Second Floor, Torrance, CA 90503

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF HINDS & SHANKMAN, LLP FOR LEAVE TO WITHDRAW AS COUNSEL FOR THE DEBTOR'S MANAGING MEMBER, BAYLOR HOLDING, LLC; DECLARATION OF JAMES ANDREW HINDS, JR. IN SUPPORT THEROF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **May 25, 2018** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **May 25, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **May 25, 2018** I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 25, 2018 | MAYRA DURAN | /s/ Mayra Duran |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                             **F 9013-3.1.PROOF.SERVICE**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Thomas H Casey (TR)   msilva@tomcaseylaw.com, thc@trustesolutions.net
- Jeffrey W Dulberg   jdulberg@pszjlaw.com
- Marc C Forsythe   kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
- Beth Gaschen   bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
- Richard Girgado   rgirgado@counsel.lacounty.gov
- Barry S Glaser   bglaser@swesq.com, erhee@swesq.com
- Jeffrey I Golden   jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
- Michael J Hauser   michael.hauser@usdoj.gov
- James Andrew Hinds   jhinds@jhindslaw.com, mduran@jhindslaw.com
- Marc Y Lazo   mlazo@whbllp.com
- Faye C Rasch   frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
- Daren M Schlecter   daren@schlecterlaw.com, bgill@schlecterlaw.com
- Kambiz J Shabani   joseph@shabanipartners.com, kevin@shabanipartners.com
- Paul R Shankman   pshankman@jhindslaw.com, mduran@jhindslaw.com
- Rachel M Sposato   rsposato@jhindslaw.com, mduran@jhindslaw.com
- United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL:**

779 Stradella, LLC, a Delaware Limited Liability Company
3991 MacArthur Blvd., Suite 125
Newport Beach, CA 92660

Baylor Holding, LLC
c/o Jeffrey Yohai
779 Stradella Road
Los Angeles, CA 90077

**3. SERVED BY PERSONAL DELIVERY**

Clerk to the Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE