| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Jeffrey I. Golden, State Bar No.1 33040<br>jgolden@wgllp.com<br>Faye Rasch, State Bar No. 253838<br>frash@wgllp.com<br>Ryan W. Beall, State Bar No. 313774<br>rbeall@wgllp.com<br>WEILAND GOLDEN GOODRICH LLP<br>650 Town Center Drive, Suite 600<br>Costa Mesa, California 92626<br>Telephone: (714) 966-1000<br>Facsimile: (714) 966-1002 | |
| ☒ *Attorney for:* Thomas H. Casey, Chapter 7 Trustee | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br><br>779 STRADELLA, LLC, a Delaware limited liabilty company, | CASE NO.: 8:16-bk-15156-CB<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OBJECTION TO CLAIM** |
| | DATE: 08/13/2019<br>TIME: 2:30 pm<br>COURTROOM: 5D<br>PLACE: 411 W. Fourth Street<br><br>Santa Ana, California 92701 |
| Debtor(s). | |

1.  TO *(specify claimant and claimant's counsel, if any):*  Hinds & Shankman, LLP; attn: James Andrew Hinds, Jr.

2.  NOTICE IS HEREBY GIVEN that the undersigned has filed an objection to your Proof of Claim (Claim #9-1 ) filed in the above referenced case.  The Objection to Claim seeks to alter your rights by disallowing, reducing or modifying the claim based upon the grounds set forth in the objection, a copy of which is attached hereto and served herewith.

3.  **Deadline for Opposition Papers**: You must file and serve a response to the Objection to Claim not later than 14 days prior to the hearing date set forth above.

    **IF YOU FAIL TO TIMELY RESPOND IN ACCORDANCE WITH THIS NOTICE, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

Date:  07/11/2019

WEILAND GOLDEN GOODRICH LLP
Printed name of law firm

/s/ Ryan W. Beall
Signature

Date Notice Mailed:  07/11/2019

Ryan W. Beall
Printed name of attorney for objector

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1 | **WEILAND GOLDEN GOODRICH LLP**
2 | Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
3 | Faye Rasch, State Bar No. 253838
frasch@wgllp.com
4 | Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
5 | 650 Town Center Drive, Suite 600
Costa Mesa, California 92626
6 | Telephone    714-966-1000
Facsimile    714-966-1002

7 | Attorneys for Chapter 7 Trustee
Thomas H. Casey

8 |

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **SANTA ANA DIVISION**

12 | In re

13 | 779 STRADELLA, LLC, a Delaware limited
liability company,

14 |           Debtor.

Case No. 8:16-bk-15156-CB

Chapter 7

**OBJECTION TO CLAIM NO. 9-1, FILED
BY HINDS & SHANKMAN, LLP;
MEMORANDUM OF POINTS AND
AUTHORITIES AND DECLARATION OF
THOMAS H. CASEY IN SUPPORT
THEREOF**

Date:    August 13, 2019
Time:    2:30 p.m.
Ctrm:    5D

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

20 | **TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY**

21 | **JUDGE AND ALL OTHER INTERESTED PARTIES:**

22 |        Thomas H. Casey, duly appointed chapter 7 trustee ("Trustee") for the estate

23 | ("Estate") of 779 Stradella, LLC ("Debtor") hereby files this *Objection to Claim No. 10 filed*

24 | *by Hinds & Shankman, LLP* ("Objection"). In support of the Objection, the Trustee submit

25 | the following memorandum of points and authorities and the declaration of Thomas H.

26 | Casey ("Casey Declaration") in support thereof.

27 | I.    <u>**INTRODUCTION**</u>

28 |        By this Objection, the Trustee objects to Claim No 9-1 (the "Claim") which is a proof

1  of claim filed by Hinds & Shankman, LLP ("Claimant") in in the above captioned

2  bankruptcy case on the grounds that (i) the supporting documents filed with the Claim do

3  not support the amount of the Claim, (ii) the Claim reflects legal services provided in the

4  bankruptcy case to Jeffrey Yohai ("Yohai"), individually, and Baylor Holdings, LLC

5  ("Baylor"), neither of which are the Debtor, and are not properly claims against the Estate,

6  and (iii) the remainder of the Claim refers to representation by the Claimant of entities

7  owned by Yohai without explanation of how or why those amounts are properly claims

8  against the Estate.

9        As set forth more fully below, legal representation of a principal of the Debtor in his

10  individual capacity does not entitle an attorney to a claim against the Debtor's Estate.

11  Furthermore, even if Claimant demonstrated that this representation somehow does

12  entitle it to a claim against the Debtor's Estate, the Claim does not adequately evidence

13  the amount of the Claim asserted by Claimant. The information attached to the Claim

14  shows three unpaid bills of $113,205.87, $7,542.64, and $3,476.10, yet the Claimant

15  asserts a $200,000.00 Claim. The representation of the various entities owned by Yohai in

16  state court proceedings likewise does not entitle the Claimant to a claim against the

17  Debtor's Estate.

18        As such, Trustee requests that the Court disallow the Claim in its entirety.

19  **II.    STATEMENT OF FACTS**

20        On December 21, 2016, the Debtor filed a voluntary petition for relief under

21  chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code.")  Upon a motion

22  by the United States Trustee, the Debtor's case was converted to one under chapter 7 by

23  order entered on December 1, 2017.  Thomas H. Casey was appointed the chapter 7

24  trustee on December 4, 2017.

25        On June 19, 2018, the Claimant filed the Claim, No. 9-1, asserting an unsecured

26  claim in the amount of $200,000.00 for "Services performed for the Debtor and the

27  managing member Baylor LLC." Attached to the Claim are three "Billing Summaries"

28  which show balance due on three different file numbers for $113,205.87, $7,542.64, and

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  $3,476.10. Additionally attached to the Claim is a retainer letter dated March 28, 2017

2  between Hinds & Shankman, LLP and Jeffrey Yohai in connection with Los Angeles

3  County Superior Court Case Nos. BC 640 933 and BC 640 932.

4  **III.    THE CLAIM**

5       A copy of the Claim is attached to this Objection and identified by the Court's

6  docket number pursuant to Local Bankruptcy Rule 3007-1:

7

| Claim | Claimant | Date Filed | Amount and Classification |
|-------|----------|------------|---------------------------|
| 9-1 | Hinds & Shankman, LLP | 06/19/2018 | $200,000.00 Unsecured Claim |

8

9

10  **IV.    LEGAL ANALYSIS**

11       Federal Rule of Bankruptcy Procedure 3001(f) provides in relevant part

12            A proof of claim executed and filed in accordance with these
13            rules shall constitute prima facie evidence of the validity of the
            amount of the claim.

14  Section 502(a) of the Bankruptcy Code also provides that "[a] claim or interest proof of

15  which is filed under section 501 of this title, is deemed allowed, unless a party in interest .

16  . . objects." 11 U.S.C. § 502(a).  A claim will not be allowed to the extent that the claim is

17  "unenforceable against the debtor and property of the debtor, under any agreement or

18  applicable law for a reason other than because such claim is contingent or unmatured . . .

19  ." 11 U.S.C. § 502(b)(1).  The claimant must establish by a preponderance of the

20  evidence that its claim should be allowed.  The ultimate burden of persuasion is on the

21  claimant.  *See Lundell v. Anchor Construction Specialists, Inc. (In re Lundell),* 223 F.3d

22  1035, 1039 (9th Cir. 2000); *Bitters v. Networks Elec. Corp. (In re Networks Elec. Corp.),*

23  195 B.R. 92, 96 (B.A.P. 9th Cir. 1996).

24       The Claim is unenforceable against the Estate because the underlying debt is

25  related to representation of Yohai, in his individual capacity, and Baylor, not the Debtor. In

26  the event that the Court finds that the Claim is enforceable against the Estate, it should be

27  reduced to the amount actually evidenced by the supporting documentation to the Claim.

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## A.    The Claim is Unenforceable Against the Estate

The Claim purports to reflect a $200,000.00 unsecured claim for "Services performed for the Debtor and the managing member Baylor LLC." Despite such contention, the services performed by the Claimant were not on behalf of the Debtor. Claimant is not, and was not ever, the attorney of record for the Debtor. Claimant has not introduced any evidence that it had an agreement with the Debtor. Claimant has not filed any fee application with the Court for approval of fees with respect to representing the Debtor. As will be addressed below, post-petition representation of the principal of a Debtor does not entitle a firm to a claim against the Estate of the Debtor.

The retainer letter attached to the Claim appears to contemplate that Claimant will represent Mr. Jeffrey Yohai in two superior court cases. The Debtor is not implicated in any way. Since the billing number printed on the retainer letter (895.001) corresponds with the billing number listed on the first Billing Summary showing a balance due of $113,205.87 (895.001), it appears that this retainer letter is the basis for all representation of Yohai by the Claimant, and that there does not exist additional retainer letters relating to the representation of the Debtor provided by the Claimant. Claimant has asserted that the $113,205.87 is in reference to work performed by the Claimant in the bankruptcy case for Yohai. However, representation of a principal of the Debtor does not allow a Claimant a claim against the Debtor's Estate.

Services provided by an attorney that benefit other entities than the debtor, such as the debtor's officers, directors, principals, or shareholders are not compensable from estate assets. *In re Pine Valley Machine, Inc.*, 172 B.R. 481, 488 (Bankr. D. Mass. 1994). Fees for those types of services are payable by the entity that received the benefit. *In re Ogden Modulars, Inc.*, 207 B.R. 198 (Bankr. E.D. Missouri 1997). This is the case, in part, because the dual representation of a closely held corporation and its principal has been disfavored by various bankruptcy courts. *In re Cunzolo*, 423 B.R. 735, 737 (Bankr. W.D.Pa. 2010); *citing In re BH & P, Inc.*, 949 F.2d 1300 (3d Cir. 1991); *In re Bohack Corp*, 607 F.2d 258 (2d Cir. 1979); *In re Fascella Enters., Inc.*, 2006 WL 1530256 (Bankr.

1  E.D.Pa. April 12, 2006). The resulting conflict for an attorney representing both a

2  corporation and its majority shareholder, who controls the corporation, is the risk that the

3  shareholder in control will instruct counsel in ways that favor her interest as guarantor at

4  the expense of her fiduciary duty to the corporation. *In re Staughan*, 428 B.R. 618, 626

5  (Bankr. W.D.Pa. 2010); *In re Plaza Hotel Corp.*, 111 B.R. 882 (Bankr. E.D.Cal. 1990). If

6  an attorney seeks fees from a debtor, those fees cannot be awarded to him for services

7  he performed unless it is clear that he was acting on behalf of the debtor rather than on

8  behalf of officers or directors of the debtor. *In re Entertainment, Inc.*, 255 B.R. 412, 424

9  (Bankr. N.D. Ill. 1998).

10     Essentially, Claimant asserts a claim against the Estate for purported

11  representation of the Debtor. However, the only evidence of Claimant's representation is

12  on behalf of officers, directors, or shareholders of the Debtor. Claimant has never applied

13  for approval of fees or filed a statement regarding the compensation to be paid by the

14  Debtor with the court in direct violation of the Bankruptcy Code which states:

15          Any attorney representing a debtor in a case under this title, or
16          in connection with such a case, whether or not such attorney
           applies for compensation under this title, shall file with the court
17          a statement of the compensation paid or agreed to be paid, if
           such payment or agreement was made after one year before
18          the date of the filing of the petition, for services rendered or to
           be rendered in contemplation of or in connection with the case
19          by such attorney, and the source of the compensation.

20  11 U.S.C § 329(a). Thus, Claimant filed the Claim, purportedly for representing the

21  Debtor, without proof of representation of the Debtor rather than merely the officers or

22  directors of the Debtor, and without evidence of any application for approval of, and

23  payment on, its work performed other than unpaid billing statements. Representation of a

24  debtor's officers or directors does not entitle an attorney to compensation from the

25  debtor's estate. There is no evidence in the Claim and attached documents that would

26  support Claimant's contention that it should be compensated from the Debtor's estate for

27  its representation. Furthermore, even if such evidence existed, Claimant would be

28  precluded from obtaining such compensation absent application to the Court for the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  reasonableness and/or appropriateness of its fees. For the reasons stated above, the

2  Claim is not enforceable against the Estate and should be disallowed in its entirety.

3      **B.**     **If the Court Finds That the Claim is Enforceable Against the Estate, the**

4            **Claim Should Be Disallowed or Reduced**

5      If the Court finds that the Claim is enforceable against the Estate, the Trustee

6  requests that the Claim be disallowed in its entirety or reduced to an amount to be

7  determined by the Court. First and foremost, the Claim facially states an unsecured claim

8  of $200,000.00, however the three unpaid billing summaries attached to the Claim total

9  only $124,224.61.[1] Secondly, if the Court finds that the Claim is enforceable against the

10  Estate, it is only allowed to be compensated by estate assets the extent that the legal

11  services provided actually resulted in a benefit to the estate. *In re Ogden Modulars, Inc.*,

12  207 B.R. at 200. Since it appears that some of the representation that is the basis for the

13  Claim relates to state court actions and some relates to work performed for Yohai and

14  Baylor in their individual capacities, the Claimant need prove how such representation

15  benefited the Estate, rather than simply Yohai individually or Baylor. To the extent that the

16  Court holds that the Claim is enforceable against the Estate, the Trustee requests that the

17  Claim be disallowed in its entirety since the Claimant has introduced no evidence that the

18  services performed provided an actual and substantial benefit to the Estate.

19  **V.**     **RESERVATION OF RIGHTS**

20      The Trustee reserves the right to object to the Claim on any other grounds to the

21  extent he determines an objection is warranted.

22  //

23  //

24  //

25  //

26  //

27  _____

28      [1] The Billing Summaries are in the amounts of $113,205.87, $7,542.64, and $3,476.10.

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1    **VI.    <u>CONCLUSION</u>**

2            The Trustee respectfully request that the Court sustain the objection and enter an

3    order disallowing Claim No. 9-1.

4                                                                    Respectfully submitted,

5    Dated:  July 11, 2019                                  WEILAND GOLDEN GOODRICH LLP

6

7                                                            By:  /s/ *Jeffrey I. Golden*
                                                                  JEFFREY I. GOLDEN
8                                                                 FAYE RASCH
                                                                  RYAN W. BEALL
9                                                                 Attorneys for Chapter 7 Trustee
                                                                  Thomas H. Casey

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 • Fax 714-966-1002

## DECLARATION OF THOMAS H. CASEY

I, Thomas H. Casey, declare:

1.      I am the chapter 7 trustee of the bankruptcy estate of Mt. Yohai, LLC.   I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Objection to Claim No. 9 filed by Hinds & Shankman, LLP*. All terms defined in the Objection are incorporated herein by this reference.

2.      On December 21, 2016, the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Debtor's case was converted to one under chapter 7 by order entered on December 1, 2017.  I was appointed the chapter 7 trustee on December 4, 2017.

3.      On June 19, 2018, the Claimant filed the Claim, No. 9-1, asserting an unsecured claim in the amount of $200,000.00 for "Services performed for the Debtor and the managing member Baylor LLC." Attached hereto as Exhibit "A" is a true and correct copy of the Claim and its supporting documents.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of June, 2019, at Rancho Santa Margarita, California.

THOMAS H. CASEY

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

# EXHIBIT A

**Fill in this information to identify the case:**

Debtor 1    779 STRADELLA, LLC

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    Central District of California

Case number    8:16-bk-15156-CB

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Hinds & Shankman, LLP |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes. From whom? |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Hinds & Shankman, LLP<br>Name<br>21257 Hawthorne Blvd., 2nd Floor<br>Number    Street<br>Torrance        CA        90503<br>City            State        ZIP Code<br>Contact phone  (310) 316-0500<br>Contact email  jhinds@jhindslaw.com<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br>— — — — — — — — — — — — — — — — — — — — — — — — |
| | **Where should payments to the creditor be sent?** (if different)<br><br>Name<br>Number    Street<br>City            State        ZIP Code<br>Contact phone<br>Contact email |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.    Claim number on court claims registry (if known) _____    Filed on ___ / ___ / _____<br>                                              MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.    Who made the earlier filing? _____ |

EXHIBIT A    PAGE 9

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __8__ __9__ __5__ ____

**7. How much is the claim?** $_____200,000.00____ **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Services performed for the Debtor and the managing member Baylor

LLC

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

EXHIBIT A   PAGE 10

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No | |
|---|---|---|
| | ☐ Yes. Check one: | Amount entitled to priority |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571. | Check the appropriate box: |
|---|---|
| | ☐ I am the creditor. |
| | ☑ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   06/18/2018
                   MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | James | Andrew | Hinds, Jr. |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Manging Member | | |
| Company | Hinds & Shankman, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 21257 Hawthorne Blvd., 2nd Floor | | |
| | Number        Street | | |
| | Torrance | CA | 90503 |
| | City | State | ZIP Code |
| Contact phone | (310) 316-0500 | Email | jhinds@jhindslaw.com |

EXHIBIT A    PAGE 11



**H·I·N·D·S**
*&*
**SHANKMAN** LLP
ATTORNEYS · COUNSELORS

James Andrew Hinds, Jr.
Paul R. Shankman
Rachel M. Sposato*

*Also admitted in Massachusetts

21257 Hawthorne Boulevard
Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Taxpayer I.D. No.: 45-1159556

Jeffrey Yohai
779 Stradella Road
Los Angeles, CA 90077

May 03, 2018
Invoice No.: 19784

**Due Date:  May 25, 2018**

For Services Rendered Through: April 30, 2018
Our File No.:                895.001
In Reference To:             Chapter 11 Cases

### BILLING SUMMARY

| | |
|---|---|
| PREVIOUS BALANCE FORWARD | $99,964.37 |
| INTEREST ON UNPAID BALANCE | $0.00 |
| PAYMENTS AND CREDITS | $0.00 |
| TOTAL AMOUNT OF THIS BILL | $13,241.50 |
| **BALANCE DUE** | **$113,205.87** |

FOR YOUR CONVENIENCE ALL MAJOR CREDIT CARDS ARE ACCEPTED



James Andrew Hinds, Jr.
Paul R. Shankman
Rachel M. Sposato*

*Also admtted in Massachusetts

**HINDS & SHANKMAN** LLP
ATTORNEYS · COUNSELORS

21257 Hawthorne Boulevard
Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Taxpayer I.D. No.: 45-1159556

Mr. Jeffrey Yohai
779 Stradella Road
Los Angeles, CA 90077

May 03, 2018
Invoice No.: 19785

**Due Date: May 25, 2018**

For Services Rendered Through: April 30, 2018
Our File No.: 895.004
In Reference To: R.S. Lending, Inc. v. 1550 Bluejay, LLC, Los Angeles Superior Court
Case No. BC640933 and BC640932

### BILLING SUMMARY

| | |
|---|---|
| PREVIOUS BALANCE FORWARD | $6,767.00 |
| INTEREST ON UNPAID BALANCE | $0.00 |
| PAYMENTS AND CREDITS | $0.00 |
| TOTAL AMOUNT OF THIS BILL | $775.64 |
| **BALANCE DUE** | **$7,542.64** |

FOR YOUR CONVENIENCE ALL MAJOR CREDIT CARDS ARE ACCEPTED



James Andrew Hinds, Jr.
Paul R. Shankman
Rachel M. Sposato*

*Also admtted in Massachusetts

**H I N D S**
**&**
**SHANKMAN** LLP
ATTORNEYS · COUNSELORS

21257 Hawthorne Boulevard
Second Floor
Torrance, California 90503
Telephone: (310) 316-0500
Taxpayer I.D. No.: 45-1159556

Mr. Jeffrey Yohai
779 Stradella Road
Los Angeles, CA 90077

May 03, 2018

Due Date: **May 25, 2018**

For Services Rendered Through: April 30, 2018
Our File No.:          895.003
In Reference To:        Genesis Capital Master Fund II, LLC v. Yohai, LASC Case No. BC 656984

### BILLING SUMMARY

PREVIOUS BALANCE FORWARD          $3,476.10

INTEREST ON UNPAID BALANCE          $0.00

PAYMENTS AND CREDITS          $0.00

TOTAL AMOUNT OF THIS BILL          $0.00

BALANCE DUE          $3,476.10

FOR YOUR CONVENIENCE ALL MAJOR CREDIT CARDS ARE ACCEPTED



JAMES ANDREW HINDS, JR.
PAUL R. SHANKMAN
RACHEL M. SPOSATO*
*Also admitted in Massachusetts

# H I N D S
& 
## SHANKMAN LLP
ATTORNEYS · COUNSELORS

21257 HAWTHORNE BLVD.
2ND FLOOR
TORRANCE, CA 90503
TEL: 310.316.0500
FAX: 310.792.5977

March 28, 2017

895.001

**VIA E-MAIL AND FIRST CLASS MAIL**

Mr. Jeffrey Yohai
779 Stradella Road
Los Angeles, CA 90077
yohai481@gmail.com

Re:    Yohai ads. RS Lending Inc., LASC Case Nos. BC 640 933 and BC 640 932

Dear Mr. Yohai:

As a follow-up to our telephone conversations of this week, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ We have cleared conflicts and are prepared to proceed to provide you with legal advice. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Our objective is to provide high quality legal services to our clients at a fair and reasonable cost. This letter outlines the basis upon which we will provide legal services, and confirm our understanding with respect to the payment of legal fees and the payment of costs and expenses incurred in conjunction with such representation. We apologize for the formality of this Agreement, but we believe that it is important that our clients have a clear understanding of the Firm's policies from the inception of our relationship. Moreover, many of the provisions of this letter are required or recommended by California law, the State Bar of California, and the Code of Professional Responsibility of the American Bar Association.

Scope of Services; Client Duties. You are hiring the Firm as your attorneys to represent you in the matters described above. Our responsibilities will be to provide legal counsel and assist to represent your interests in such a fashion as the matters may require within the bounds of the law and the ethical requirements of our profession. We will endeavor to keep you informed of the progress of the matters we are handling and respond to your inquiries. On your part, you understand the need for truthful and accurate information, and the need to cooperate and to keep us informed of any developments. Obviously, we will both be expected to abide by the terms of this Agreement.

WWW.JHINDSLAW.COM

## HINDS & SHANKMAN, LLP

Mr. Jeffrey Yohai
**March 28, 2017**
Page 2 of 9

<u>Services We Do **Not** Undertake Unless Expressly Agreed In Writing.</u>

    a)    <u>Insurance Advice.</u>

Although we do not and cannot express any opinion on the subject, you may be a beneficiary under a policy or policies of insurance that could provide a defense or otherwise indemnify you from any liability to other parties or damages you may have suffered that are related to the matters upon which you wish to employ us. We recommend that you consult with your insurance professional as to whether such insurance coverage exists. Representation of you with respect to any insurance issue, including whether you have insurance that might provide coverage, is not within the scope of our duties unless expressly provided for in this Agreement.

    b)    <u>Tax and Corporate Advice.</u>

We disclaim any expertise as to tax and corporate matters. You are thus cautioned to address any matters related to our limited representation and the tax impact of the matter to your tax professionals.

    c)    <u>Duties Upon Termination of Active Representation.</u>

Upon cessation of our active involvement in a particular matter in which we have been engaged, we will have no further duty to inform you of future developments or changes in the law as may be relevant to such matter in which our representation has ceased.

    d)    <u>Appeals.</u>

We will not be responsible for representing you on any appeals in any matters. Should any matter go up on appeal, we will discuss with you terms upon which our representation may continue.

<u>Legal Fees and Billing Practices.</u>  The Code of Professional Responsibility of the American Bar Association suggests that professional fees reflect a number of factors including the number of attorney hours incurred, the relative experience of the attorney(s) performing the services, the difficulty of the matter, and the result obtained for the client. Our professional fees are usually determined by the number of hours expended, multiplied by guideline hourly billing rates. These rates are guidelines, and we reserve the right to make upward or downward adjustments as may be appropriate under the circumstances. From time to time our guideline rates will change, as will other costs related to the services that we will perform. Our minimum billing unit for our legal personnel is one-tenth of an hour. Our standard guideline rates are set forth on the attached schedule. In the event of

## HINDS & SHANKMAN, LLP

Mr. Jeffrey Yohai
**March 28, 2017**
Page 3 of 9

a change in these rates, you will receive a disclosure notice included with or reflected in your bill.

We normally charge for all activities undertaken in providing legal services to you under this Agreement, including, but not limited to, the following: conferences, including preparation and participation; preparation and review of correspondence and other documents; legal research; court and other appearances, including preparation and participation; necessary travel related to court appearances, meetings, or evidence preparation; and telephone calls, including calls with you, other attorneys or persons involved with this matter, and governmental agencies. The legal personnel assigned to your matter may confer among themselves about the matter, as required. When they do confer, each person may charge for the time expended. Likewise, if more than one of our legal personnel attends a meeting, court hearing or other proceeding, each may charge for the time spent. We will charge for travel time, both local and out of town.

The Firm carries professional liability insurance.

<u>Costs and Other Charges For Which We Will Bill You</u>. We will incur various costs and expenses in the normal course of performing legal services under this Agreement. Our preference is for you to advance all expenses. In circumstances where it is not practical for you to advance the costs, you agree to reimburse us for those costs and expenses in addition to the hourly fees. Costs and expenses for which we would charge include filing and recordation fees, court reporters' fees, video-conferencing, messenger and other delivery fees, parking, transportation, lodging, and other necessary travel expenses, non-routine bulk photocopying (wherever performed), scanning, bulk postage, and other similar items. Depending upon the matter, costs and expenses could also include expert witness fees, title insurance fees, consultant and investigator fees, and similar out-of-pocket expenses incurred on your behalf. All costs and expenses will be charged at our actual cost when payable or reimbursed to a third-party.

<u>Costs and Other Charges For Which We Will **Not** Bill You</u>. We do not charge for routine non-bulk photocopying, faxes, long distance phone calls, or routine postage.

<u>Security Deposit</u>. ██████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████ We reserve the right from time to time to request a security deposit depending on the continuing nature of our representation. If, during the course of our representation, we request an additional retainer or security deposit as a condition of our continuing to represent you, you agree to provide that additional sum that we will hold in our client trust account. We also reserve the right to apply all or part of the security deposit in the event our monthly billings are not timely paid. Because we do not collect interest on our trust accounts, we will not pay you any interest on amounts deposited. We may also request a security deposit after a trial, arbitration, or mediation

### HINDS & SHANKMAN, LLP

Mr. Jeffrey Yohai
**March 28, 2017**
Page 4 of 9

date has been set, at which time all amounts previously billed will be due, and you will be required to provide a security deposit for fees and costs to be incurred in preparing for and completing a trial, arbitration, or mediation. The amounts actually incurred by us on your behalf may exceed the amount of the initial or any subsequent security deposits we require.

Billing Statements. We will send you monthly billing statements indicating fees and costs incurred, any amounts applied from any retainer, and any current balance owed. Upon request, we can provide various levels of detail in your billing statement, including the legal personnel working on your matter(s) for that billing period with their current guideline hourly rate. We will generally send you billing statements on a monthly basis, although if no fees or costs are incurred for a particular month, or they are minimal, we may hold a statement and combine it with that for the following month. If you have any questions concerning any statement, we encourage you to discuss them with us so that we may have an opportunity to resolve any misunderstandings or issues you have about your matter(s). Each statement is due upon receipt, but in any event no later than thirty (30) days thereafter. If you have any questions concerning any statement, we encourage you to discuss them with us so that we may have an opportunity to resolve any misunderstandings or issues you have about your matter(s).

In the event of a billing dispute, you agree to pay all uncontested amounts within thirty (30) days of your receipt of our invoices. We do reserve the right to charge interest on all delinquent accounts at the rate of the lesser of either 10% per annum, compounded monthly, or the maximum allowed by law. We reserve the right to charge and collect interest even if such accrued and accruing interest is not reflected on any statement or invoice presented. We also reserve the right to suspend further work at any time that there is an outstanding invoice to you more than thirty days past due. In the event that an outstanding invoice is not paid in accordance with this Agreement, if requested by us, You expressly agree to sign, consent or have us sign as your attorney-in-fact, as applicable, a stipulation permitting the Firm to withdraw as counsel of record with respect to any legal action in which we are involved on your behalf.

Internal Firm Communications. During our engagement, the occasion might arise for the Firm to consult with its own counsel -- our General Counsel or other Firm lawyers working with our General Counsel who do not perform work for you on your matter(s), or with our own outside counsel -- at our expense. To the extent that we are addressing our own rights or responsibilities, a conflict of interest might be deemed to exist between us and you as to such consultation or resulting communications, particularly if a dispute were to arise between you and us regarding your matter(s). A condition of this engagement is that you hereby consent to such future consultation occurring and waive any claim of conflict of interest based on such consultation or resulting communications that could otherwise disqualify us from continuing to represent you or from acting in our own behalf, even if doing so might be deemed adverse to your interests. You acknowledge that such

### HINDS & SHANKMAN, LLP

Mr. Jeffrey Yohai
**March 28, 2017**
Page 5 of 9

communications are protected by our own attorney client and work product privileges from
disclosure to you. If you should have any questions concerning this letter or the consent in
connection with such a consultation, please discuss them with us before signing and
returning this letter. With regard to this waiver, we also encourage you to seek
independent counsel regarding the import of this consent, if you so desire, and we
emphasize that you remain completely free to seek independent counsel at any time even
if you decide to sign this Agreement and grant the consent to this consultation. The
signing of this Agreement confirms that you have waived any conflict regarding such
consultation.

Discharge and Withdrawal. You may discharge us at any time, and we have the
right to withdraw from representing you at any time, subject to any required court
approvals. Reasons for our withdrawal include, but are not limited to, your breach of this
Agreement, your failure to pay our invoices when due, your refusal to cooperate with us or
to follow our advice on a material matter or any fact or circumstance that would render our
continuing representation of You unlawful or unethical.

When our services conclude, all unpaid charges will immediately become due and
payable. After our services conclude, upon your written request, we will deliver your file to
you along with any funds or property of yours in our possession. The work product
produced in the course of our representation will remain our property.

Disclaimer of Guarantee. Nothing in this Agreement should be construed as a
promise or guarantee about the outcome of any matter which we are handling on your
behalf. Our comments about the outcome of your matter and the associated fees and
costs therewith are expressions of opinion only.

Future Conflict. Our undertaking to represent you in the above matter(s) will not act
as a bar so as to prevent us from representing any existing or future client with respect to
a claim adverse to yours, so long as (we are no longer representing you as a current client
and) in the course of our representation of you we have not obtained any information that
would be adverse to your interests with respect to such claim.

Lien. We request that you grant us a lien on all claims or causes of action which
are the subject of our representation under this Agreement. This lien is to secure payment
of our fees and costs and would attach to any recovery you might obtain, whether by
arbitration award, judgment, settlement or otherwise. The disadvantage of the lien to you
is that, if we have a dispute over our fees and costs, it could delay your receipt of the
funds that are in dispute. However, we ask for such a lien to protect our right to payment
of our fees and costs, and should a dispute over our fees or costs arise, we will make
every effort to resolve that dispute promptly. You have the opportunity to seek
independent legal advice before agreeing to this provision. You signing this Agreement
will confirm that you have granted us such a lien.

### *HINDS & SHANKMAN, LLP*

Mr. Jeffrey Yohai
**March 28, 2017**
Page 6 of 9

Disputes. We appreciate the opportunity to serve as your attorneys and anticipate a productive, harmonious relationship. If you become dissatisfied for any reason with the services we have performed or the fees or costs charged, we encourage you to bring that to our attention immediately. If we perceive a problem with the representation, we will discuss it with you. Many such problems should be rectified by communication and discussion. However, a dispute could arise between us which cannot be resolved by negotiation. We believe that such attorney-client disputes are most satisfactorily resolved through binding arbitration rather than by litigation in court.

Arbitration is a process by which both parties to a dispute agree to submit the matter to a retired judge or other arbitrator who has expertise in the area and to abide by the arbitrator's decision, instead of through litigation in court. In arbitration, there is no right to a trial by jury and the arbitrator's legal and factual determinations are generally not subject to appellate review. Arbitration rules of evidence and procedure are often less formal and rigid than a court trial. Arbitration usually results in a decision more quickly than proceedings in court, and the attorneys' fees and other costs incurred by both sides are usually substantially less.

Both the United States and California Supreme Courts have endorsed arbitration as an accepted and favored method of resolving disputes, because it is economical and expeditious. Arbitration is also less acrimonious and more confidential than traditional litigation and is therefore particularly suited to resolution of disputes between attorneys and their clients.

By signing this Agreement, you agree that, if any dispute arises out of or relating in any way to this Agreement, our relationship, or the services performed (including, but not limited to, disputes regarding attorneys' fees or costs and claims of negligence, breach of contract or fiduciary duty, fraud or any claim based upon a tort or statute), such dispute shall be resolved by submission to binding arbitration in Los Angeles County, California, before a retired judge or justice. If we are unable to agree on a retired judge or justice, each party will name one retired judge or justice and the two named persons will select a neutral judge or justice who will act as the sole arbitrator. Any decision of the arbitrator(s) may be confirmed by a court of competent jurisdiction and the ensuing judgment may thereafter be enforced in the same manner as a judgment in a civil action. The ensuing judgment may also be appealed pursuant to Code of Civil Procedure section 1294.2. You are free to discuss the advisability of arbitration with us or your independent counsel or any of your other advisors and ask any questions which you may have.

In addition, California law requires that you be given the opportunity to seek arbitration of any fee disputes which may subsequently arise between us. If you elect such fee dispute arbitration, we both agree that the decision of the arbitrators shall be binding upon both of us. Any decision of the arbitrator(s) may be confirmed by a court of competent jurisdiction and the ensuing judgment may thereafter be enforced in the same

### HINDS & SHANKMAN, LLP

Mr. Jeffrey Yohai
**March 28, 2017**
Page 7 of 9

manner as a judgment in a civil action.  The ensuing judgment may also be appealed
pursuant to <u>Code of Civil Procedure</u> section 1294.2.

    If either of us initiates any legal action or proceeding concerning or in any way
relating to the terms and provisions of this Agreement, we both understand and agree that
any such legal action, arbitration or proceeding shall be brought in California, whose
substantive and procedure laws, rules and regulations shall apply to this Agreement.

    <u>Additional Legal Representation/Entire Agreement</u>.  Unless otherwise agreed in
writing between us, all other matters referred to us for representation shall be governed by
the terms of this letter.  Our obligation to represent you shall also consist of an obligation
to furnish appropriate representation in such additional matters with reasonable diligence
as applicable to the matter in question.  This Agreement contains all terms of the
agreement between us applicable to our representation of you, and may not be modified
except by a written agreement signed by both of us.  No other agreement, statement or
promise made on or before the effective date of this Agreement will be binding on the
parties to this Agreement.  This Agreement may only be modified by subsequent
agreement of the parties in an instrument signed by all parties hereto.

    <u>Responsibility for Payment</u>.  The person or persons signing this Agreement on
behalf of the corporation or partnership represent that they have authority to so act and
agree that they shall be jointly and severally liable to us for all sums due or to become due
to us under this Agreement, and they agree to be bound by the Disputes and arbitration
provision of this Agreement, as set forth above.

    <u>File Maintenance</u>.  We will maintain your file(s) and documents throughout the
period in which we are actively handling a particular matter and for three years thereafter.
We will have the right to destroy your files after three years or any longer time we deem
appropriate given the circumstances, without any obligation to notify you.  The Firm
routinely purges its files and records of matters that have been resolved.  Of course, you
may request your files or documents at any time prior to such destruction, and they will be
promptly returned to you or to others as directed.



### HINDS & SHANKMAN, LLP

Mr. Jeffrey Yohai
**March 28, 2017**
Page 8 of 9

any questions concerning the provisions of this Agreement, we invite your inquiries.  We look forward to working with you.

Very truly yours,

HINDS & SHANKMAN, LLP

James Andrew Hinds, Jr., Managing Member

JAH:

Enclosure

The undersigned has read and understands the foregoing terms and those set forth on the attached Rate Schedule and agrees to them, as of the date Hinds & Shankman, LLP, first provided services.  The undersigned agrees to be liable for all obligations under this Agreement.



Jeffrey Yohai

### *HINDS & SHANKMAN, LLP*

Mr. Jeffrey Yohai
**March 28, 2017**
Page 9 of 9

**HINDS & SHANKMAN, LLP**
**RATE SCHEDULE**
**Guideline Hourly Rates For Legal Personnel**

| | |
|---|---|
| Partners | $350 - $695 |
| Of Counsel/Senior Counsel | $250 - $595 |
| Associates | $200 - $395 |
| Law Clerks | $120 - $195 |
| Paralegals | $90 - $200 |

*These rates are subject to periodic adjustment, as discussed in the Agreement*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): <u>Objection to Claim No. 9-1, Filed by Hinds &</u>
<u>Shankman, LLP' Memorandum of Points and Authorities and Declaration of Thomas H. Casey in Support Thereof</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>July 11, 2019</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) <u>July 11, 2019</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
<u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) <u>July 11, 2019</u>, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

**Served by Personal Delivery**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| <u>7/11/2019</u> | Victoria Rosales | *victoria* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Ryan W Beall    rbeall@lwgfllp.com, vrosales@wgllp.com;kadele@wgllp.com
Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Oscar Estrada    oestrada@ttc.lacounty.gov
Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Michael J Hauser    michael.hauser@usdoj.gov
James Andrew Hinds    jhinds@jhindslaw.com, mduran@jhindslaw.com
Marc Y Lazo    mlazo@whbllp.com, rosie.cantillo.paralegal@gmail.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Daren M Schlecter    daren@schlecterlaw.com, assistant@schlecterlaw.com
Kambiz J Shabani    joseph@shabanipartners.com
Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
David B Shemano    dshemano@shemanolaw.com
Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled: **NOTICE OF OBJECTION TO CLAIM** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/11/2019   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  07/11/2019   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  07/11/2019   , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA PERSONAL DELIVERY
The Honorable Catherine Bauer
United States Bankruptcy Court
411 W. Fourth Street, Courtroom 5D
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/11/2019 | Victoria Rosales | *victoriah* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 3007-1.1.NOTICE.OBJ.CLAIM**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Ryan W Beall    rbeall@lwgfllp.com, vrosales@wgllp.com;kadele@wgllp.com
Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Oscar Estrada    oestrada@ttc.lacounty.gov
Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Michael J Hauser    michael.hauser@usdoj.gov
James Andrew Hinds    jhinds@jhindslaw.com, mduran@jhindslaw.com
Marc Y Lazo    mlazo@whbllp.com, rosie.cantillo.paralegal@gmail.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Daren M Schlecter    daren@schlecterlaw.com, assistant@schlecterlaw.com
Kambiz J Shabani    joseph@shabanipartners.com
Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
David B Shemano    dshemano@shemanolaw.com
Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov