**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone   714-966-1000
Facsimile   714-966-1002

Attorneys for Chapter 7 Trustee
Thomas H. Casey

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:16-bk-15156-CB |
| 779 STRADELLA, LLC, a Delaware limited liability company, | Chapter 7 |
| Debtor. | **TRUSTEE'S REPLY RE OBJECTION TO CLAIM NO. 9-1, FILED BY HINDS & SHANKMAN, LLP; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF THOMAS H. CASEY IN SUPPORT THEREOF** |
| | Date:  August 13, 2019
Time:  2:30 p.m.
Ctrm:  5D |

**TO THE HONORABLE CATHERINE E. BAUER, UNITED STATES BANKRUPTCY JUDGE AND ALL OTHER INTERESTED PARTIES:**

Thomas H. Casey, duly appointed chapter 7 trustee ("Trustee") for the estate ("Estate") of 779 Stradella, LLC ("Debtor") hereby files this *Reply re Objection to Claim No. 9-1 filed by Hinds & Shankman, LLP* ("Reply")[1]. In support of the Reply, the Trustee submit the following memorandum of points and authorities.

---

[1] Any undefined capitalized term shall have the same meaning as ascribed it in the Trustee's Objection to Claim No. 10 filed by Hinds & Shankman, LLP.

1228692.1                                                           REPLY

## I. INTRODUCTION

The Trustee filed objection to the proof of claim filed by Hinds & Shankman, LLP ("Claimant") in in the above captioned bankruptcy case on the grounds that (i) the supporting documents filed with the Claim do not support the amount of the Claim, (ii) the Claim reflects legal services provided in the bankruptcy case to Jeffrey Yohai ("Yohai"), individually, and Baylor Holdings, LLC ("Baylor"), neither of which are the Debtor, and are not properly claims against the Estate, and (iii) the remainder of the Claim refers to representation by the Claimant of entities owned by Yohai without explanation of how or why those amounts are properly claims against the Estate.

Claimant filed declarations of James Hinds ("Hinds Declaration") and Jeffrey Yohai ("Yohai Declaration," collectively with the Hinds Declaration, the "Declarations") in response to the Objection. Claimant has introduced no evidence that Claimant was retained to represent the Debtor, and as such, Claimant is not allowed to be compensated with estate funds. Claimant has not introduced evidence that all of the work performed by Claimant was for the benefit of the estate. Claimant has introduced no evidence supporting the amount of the Claim. The Declarations are woefully inadequate for the Court to allow the Claim. As a result, the Trustee requests that the Court disallow the Claim in its entirety.

## II. THE CLAIM SHOULD BE DISALLOWED IN ITS ENTIRETY

The Trustee's assertions are that the Claim should be disallowed since (i) there is no evidence that the Claimant was retained to represent the Debtor, as opposed to Yohai and/or Baylor individually, (ii) the Claimant has not introduced evidence that the work performed by Claimant was for the benefit of the Estate, and (iii) Claimant has introduced no evidence supporting the amount of the Claim. Without such evidence, there is no basis for allowing the Claim. The Declarations are simply inadequate and/or irrelevant, and apparently are introduced more for the purpose of mud-slinging directed at Debtor's counsel than for providing any information to the Court or the Trustee regarding the Claim.

### A. The Claim Cannot Be Compensated From Estate Assets

As outlined in the Objection, services provided by an attorney that benefit other entities than the debtor, such as the debtor's officers, directors, principals, or shareholders are not compensable from estate assets. *In re Pine Valley Machine, Inc.*, 172 B.R. 481, 488 (Bankr. D. Mass. 1994). Fees for those types of services are payable by the entity that received the benefit. *In re Ogden Modulars, Inc.*, 207 B.R. 198 (Bankr. E.D. Missouri 1997). If an attorney seeks fees from a debtor, those fees cannot be awarded to him for services he performed unless it is clear that he was acting on behalf of the debtor rather than on behalf of officers or directors of the debtor. *In re Entertainment, Inc.*, 255 B.R. 412, 424 (Bankr. N.D. Ill. 1998).

Trustee alleged, in the Objection, that there was no evidence that Claimant was retained on behalf of the Debtor, nor was there evidence that the work performed by Claimant was for the benefit of the Debtor. Specifically, the Trustee pointed out that the Claimant was not ever the attorney of record with the Debtor, the Claimant was never retained by the Debtor, and Claimant never applied for approval of fees or filed a statement regarding the compensation to be paid by the Debtor pursuant to § 329(e). None of these issues are acknowledged by the Declarations.

Additionally, the Trustee identified that the Proof of Claim contains an engagement letter relating to work to be performed by the Claimant, on behalf of Yohai individually, for work on two superior court cases. Both Declarations assert that this engagement letter was modified and that the scope of work requested of Claimant was expanded to include various other tasks. No evidence of this modified engagement letter has been produced to the Court or the Trustee. Furthermore, the tasks contemplated by the supposedly modified engagement letter are not all tasks that benefited the Debtor. For example, one of the new tasks was allegedly "the close supervision of counsel in the *779 Stradella, LLC* and *Mt. Yohai, LLC* matters." However, the Yohai Declaration states unequivocally that all of the work performed by Claimant was done at Yohai's individual request. The "supervision" appears to be because Yohai felt that Debtor's counsel of record was not properly looking

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

out for his interests. Although dressed up in an attempt to blame Debtor's counsel for not protecting the interests of creditors at large (something which there is no evidence of), it appears that the true purpose of the hiring of the Claimant was to protect Yohai's interests after he became disillusioned with the work performed by Debtor's counsel.[2] The Trustee struggles to understand the benefit to the Debtor in incurring $200,000 in attorney's fees to protect the Managing Member's interests.

Therefore, Claimant has still failed to introduce any evidence that Claimant was retained by the Debtor, rather than Yohai individually. In fact, the Declarations seem to suggest that the engagement letter was merely modified, thus the engagement letter remains between Yohai individually and the Claimant.

The Yohai Declaration states that the Trustee "fails to understand the complex relationship between me, Baylor, the *779 Stradella, LLC* and the *Mt. Yohai, LLC* Debtors." The relationship appears to be quite clear and simple. Yohai is the Managing Member and CEO of Baylor, which is the Managing Member of the Debtors. Yohai fails to understand the nature of bankruptcy and the payment of professionals and corporate structure. Yohai is not the Debtor. Work performed for and on behalf of Yohai is not compensable by the Estate of the Debtor. This rule is absolutely crystal clear and the entire purpose of such rule is to prevent a shareholder, officer, or director of a Debtor from incurring large fees to protect his or her individual interest without benefiting the Debtor.

The rest of the work performed by Claimant is equally lacking in evidence that such work benefited the Debtor. The rest of the work allegedly performed by the Claimant was seeking funding and working to extinguish liens asserted by Paul and Kathleen Manafort. Extinguishment of liens is potentially beneficial to the Debtor, but there is no evidence supporting the work done to extinguish liens, and it appears that this was accomplished without the need for litigation. Yohai's statement that he no longer has the possession of

---

[2] Debtor's counsel, Mr. Marc C. Forsythe, will be present at the hearing to dispute the factual statements made by Mr. Yohai regarding his Firm's representation of the Debtor and other misstatements.

documents showing such work, due to his incarceration and subsequent loss of documents, falls upon deaf ears. Doubtless, Claimant has these documents. Claimant argues that some documents it has contain privileged communication. Such a statement underscores the entire Objection to the Claim. This bankruptcy case is a Chapter 7 case, and as such, the Trustee of a corporation in bankruptcy (the Debtor) has the power to waive the corporation's attorney-client privilege. *Commodity Futures Trading Com'n v. Weintraub*, 471 U.S. 343, 358 (1985). Once again, the Claimant has not introduced any evidence that it represented the Debtor, or that it worked on behalf of the Debtor.

Finally, the Claim appears to request allowance as an unsecured claim. However, 11 U.S.C. § 502(b) states that, subject to exceptions that do not apply here, if an objection to a claim is made, the Court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition…" Claimant is asking for post-petition attorneys' fees, which would not properly be an unsecured claim regardless. Of course, Claimant also could not request an administrative claim, since additional requirements exist for an allowed administrative claim.

Claimant has introduced zero evidence that Claimant was working for or on behalf of the Debtor as opposed to Yohai individually. Claimant has introduced no evidence that the work performed actually benefited the Debtor. As a result, on the evidence before the Court, there is no basis to allow the Claim, and the Trustee requests the Court disallow the Claim in its entirety.

**B.    Claimant Has Introduced No Evidence to Support the Amount of the Claim**

The Claim purports to reflect a $200,000.00 unsecured claim. The documents attached to the Claim show less than $125,000.00 in unpaid legal fees, and no information regarding what those legal fees were for.  As shown extensively in this Reply and the Objection, fees incurred by an attorney on behalf of an officer or director of a corporation in bankruptcy are not entitled to payment from the corporate debtor's estate. Claimant has introduced no evidence that any amount of work was in fact for the benefit of the Debtor,

1 nor has Claimant introduced any authority supporting Claimant's request that it be
2 compensated from the Estate. In short, Claimant have produced no evidence that the
3 amount of the Claim is accurate, no authorities that the work done should be
4 compensated from the Estate, no evidence that, even if the work done could be
5 compensated by the Estate, any particular work was actually done to benefit the Debtor,
6 or any other evidence to support the Claim whatsoever. The Trustee requests that the
7 Court disallow the Claim in its entirety.

**III.  CONCLUSION**

The Trustee respectfully request that the Court sustain the objection and enter an order disallowing Claim No. 9-1.

Respectfully submitted,

Dated: August 6, 2019                WEILAND GOLDEN GOODRICH LLP


By: */s/ Jeffrey I. Golden*
   JEFFREY I. GOLDEN
   FAYE RASCH
   RYAN W. BEALL
   Attorneys for Chapter 7 Trustee
   Thomas H. Casey

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1228692.1                6                REPLY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**650 Town Center Drive, Suite 600
Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Trustee's Reply Re Objection to Claim No. 9-1, Filed by Hinds & Shankman, LLP; Memorandum of Points and Authorities and Declaration of Thomas H. Casey in Support Thereof
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 6, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) August 6, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 6, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/6/2019 | Victoria Rosales | *victoria* (signature) |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                           **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Ryan W Beall    rbeall@lwgfllp.com, vrosales@wgllp.com;kadele@wgllp.com
Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Oscar Estrada    oestrada@ttc.lacounty.gov
Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Michael J Hauser    michael.hauser@usdoj.gov
James Andrew Hinds    jhinds@jhindslaw.com, mduran@jhindslaw.com
Marc Y Lazo    mlazo@whbllp.com, rosie.cantillo.paralegal@gmail.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
Daren M Schlecter    daren@schlecterlaw.com, assistant@schlecterlaw.com
Kambiz J Shabani    joseph@shabanipartners.com
Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
David B Shemano    dshemano@shemanolaw.com
Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**