**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye Rasch, State Bar No. 253838
frasch@wgllp.com
Ryan W. Beall, State Bar No. 313774
rbeall@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee,
Thomas H. Casey

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:16-bk-15156-CB |
| 779 STRADELLA, LLC., a Delaware Limited Liability Company, | Chapter 7 |
| Debtor. | **MOTION FOR ORDER AUTHORIZING TRUSTEE TO ENTER INTO SETTLEMENT AGREEMENT; MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF THOMAS H. CASEY IN SUPPORT** |
| | Date:    September 10, 2019<br>Time:    2:30 p.m.<br>Ctrm:    5D |

**TO THE HONORABLE CATHERINE E BAUER, UNITED STATES BANKRUPTCY JUDGE:**

Thomas H. Casey, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of 779 Stradella, LLC (the "Debtor"), files this *Chapter 7 Trustee's Motion for Order Authorizing Trustee to Enter into Settlement Agreement* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and his declaration (the "Casey Declaration").

1230731.1    MOTION

## I.    INTRODUCTION

By this Motion, the Trustee seeks the Court's approval of a Settlement Agreement (the "Agreement") entered into between the Trustee on one hand and Paul A. Manafort ("Manafort"), on the other hand, a true and correct copy of which is attached hereto as **Exhibit "1"**.  The Agreement resolves all issues as to Mr. Manafort with respect to certain transfers that were made pre-petition without the need for further litigation.

As such, the Trustee believes the Agreement is in the best interests of the Estate and all creditors.  The Agreement is also fair and reasonable and is a valid exercise of the Trustee's business judgment.  The Agreement was entered into in good faith and was negotiated at arm's length.  The Trustee requests that the Court enter an order pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9019 authorizing the Trustee to enter into the Agreement and approving the terms of the Agreement.

## II.    BACKGROUND FACTS

On December 21, 2016 (the "Petition Date"), the Debtor filed its petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").  The case is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court"), bearing Case No. 8:16-bk-15156-CB ("Bankruptcy Case").

The Bankruptcy Case was subsequently converted to one under Chapter 7 of the United States Bankruptcy Code. Thereafter, Thomas H. Casey was duly appointed chapter 7 trustee.

As of the Petition Date, Debtor's sole asset was the Property – a single-family residence located at 779 Stradella Road, Los Angeles, California 90077 ("Property").  The Property was encumbered by (i) a first priority deed of trust held by Genesis Capital Master Fund II, LLC (the "Secured Creditor"), that secures a debt of no less than $7.96 million, (ii) a second priority deed of trust held by Paul Manafort that secures an alleged debt of approximately $2.7 million (the "Manafort Lien"), (iii) property tax liens held by the Los Angeles County Tax Collector that secure tax obligations of approximately $200,000, (iv) a lien in favor of Vantage Design Group, Inc. in the amount of $63,352.43 (the

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

"Vantage Lien"), and (v) a lien in favor of Mr. Speedy Plumbing & Rooter, Inc. in the amount of $15,500 (the "Speedy Lien").

On June 5, 2018, upon noticed motion, the Court authorized the Trustee to sell the Property free and clear of liens with the net sales proceeds to attach in the same value, priority, and subject to all of the Trustee's rights to object to, dispute, or subordinate such liens.  The Manafort Lien and the Vantage Lien were each disputed as preferential transfers and were not paid upon sale of the Property.  The sale resulted in $104,000.00 in funds to the Estate plus a credit bid by the Secured Creditor.

Initially Manafort held a second Deed of Trust recorded on December 20, 2016 as Instrument No. 20161618867 in the Official Records (the "Manafort Deed of Trust") secured by the Property.

On December 1, 2016, Jeffrey Yohai ("Yohai") executed a Power of Attorney appointing Manafort as his attorney in fact and authorizing Manafort to act on his behalf. Manafort executed the Manafort Deed of Trust as "attorney in fact" for Yohai.

On or about February 5, 2018, Manafort, by Assignment of Deed of Trust, assigned his interest in the Deed of Trust to Yohai which Assignment was recorded as Instrument No. 20180116782 in the Official Records ("Assignment").

On April 26, 2018, the Trustee commenced an adversary proceeding against Yohai on the basis that the Manafort Deed of Trust was an avoidable transfer ("Adversary Proceeding").

On November 16, 2018, the Trustee amended its complaint in the Adversary Proceeding to include Paul Manafort as a defendant.

The Adversary Proceeding sought to recover the avoidable transfer from Manafort. Although the facts are uncontested and clear, Debtor refused to agree to the Trustee's recovery of the transfer. Despite such refusal, Manafort has agreed to the Agreement which will avoid the transfer and remove the lien for the benefit of the Estate. Thus, the Agreement will free up proceeds from the sale of the Property for the benefit of the Estate.

The Agreement is a compromise of disputed claims and shall not be construed as an admission of liability or responsibility for any purpose by any party. To avoid further litigation of the Adversary Proceeding, and to maximize the return to the creditors of the Estate, the Parties wish to resolve the disputes between them as set forth below:

### A.    Summary of the Terms of the Agreement

The Agreement contains, inter alia, the following salient terms, among other terms[1]:

#### 1.    Bankruptcy Court Approval.

This Agreement is subject to approval by the Bankruptcy Court in the Bankruptcy Case. This Agreement is contingent upon and expressly conditioned on the issuance of an order by the Bankruptcy Court in the Bankruptcy Case approving this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019. Unless and until approved by the Bankruptcy Court, this Agreement set forth herein is of no force or effect whatsoever. The Parties are bound by this Agreement subject only to Bankruptcy Court approval.

#### 2.    Assignment

Manafort shall assign any and all right, title and interest in the Manafort Deed of Trust and Assignment to the Trustee. On the Effective Date, as defined in the Agreement, Manafort shall deliver to the Trustee: (i) a full reconveyance of the Manafort Deed of Trust and (ii) an assignment both in form and content acceptable to the Trustee in his sole discretion.

#### 3.    Dismissal of Adversary Proceeding

Within ten (10) days after the Order becomes final, the Trustee shall cause the Adversary proceeding to be dismissed as to Mr. Manafort.

#### 4.    Allowance of Claims.

The Trustee has been provided supporting documentation and based thereon will deem the following claims allowed as general unsecured claims:

a. $1,624,864.81 on behalf of Paul Manafort; and

---

[1] If any terms herein contradict any terms in the Agreement, the terms in the Agreement shall control.

1230731.1                                            4                                            MOTION

b. $405,000.00 on behalf of MC Brooklyn Holdings.

### 5. Settlement Contingency

The Trustee, concurrently with the filing of this Motion, will file a motion to approve compromise in the Mt. Yohai bankruptcy case, case number 8:16-bk-15157-CB, that will similarly resolve the issues in the adversary proceeding filed in that case against Kathleen Manafort and Jeff Yohai regarding an avoidable transfer. The Parties agree that this Agreement will be enforceable only upon Court approval of both settlements. Each settlement is set for hearing on the same date and time.

## III. THE AGREEMENT IS FAIR AND REASONABLE, IS IN THE BEST INTEREST OF THE ESTATE AND CREDITORS, AND SHOULD BE APPROVED BY THE COURT

FRBP 9019(a) provides:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States Trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

The standard to be applied to the approval of a settlement includes the probability of success of any litigation, the difficulties in collection on a judgment, the complexity of the matter, the expense, inconvenience or delay occasioned by resolution through litigation, interests of creditors, and the reasonableness of the compromise. *See In re A&C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986), *cert. den., Martin v. Robinson,* 479 U.S. 854, 107 S.Ct. 189 (1989). Although the court is to consider the range of results in litigation, "the court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated." *In re Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986). Additionally, it is well established that, as a matter of public policy, settlements are favored over continued litigation. *In re Heissenger Resources, Ltd.*, 67 B.R. 378, 382 (C.D. Ill. 1986).

In ruling on a proposed compromise, a bankruptcy court should give substantial weight to the trustee's views as to the merits of the compromise and settlement and

should not substitute its own judgment for that of the trustee. *See In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976); *see also In re Calra Leather, Inc.*, 44 B.R. 457, 466 (Bankr. S.D.N.Y. 1984). Nor does the Court need to conduct an extensive investigation into the merits of the claims that the parties seek to settle. *See In re Walsh Const., Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982). Rather, the court should "canvass the issues and see whether the settlement 'fall[s] below the lowest point in the range of reasonableness.'" *In re W.T. Grant*, 699 F.2d 599, 608 (2d Cir. 1982); *see also In re Bell & Beckwith*, 87 B.R. 472, 474 (N.D. Ohio 1987).

Utilizing the standards set forth above, the Trustee believes the Agreement is in the best interests of the Estate and its creditors. The Trustee is confident that he would succeed on the merits of the complaint, however, with this Agreement, the Trustee is receiving everything he would have received in successfully litigating the complaint. As a result, the Agreement is beneficial to the Trustee and the Estate.

There is no issue with collections in this case, since the Agreement will result in the reconveyance of the Manafort Deed of Trust, rather than a money judgment.

The dispute with Manafort is not necessarily complex, but the Estate is likely to incur substantial administrative costs to litigate this action. The settlement will act to remove the Manafort Lien from the Sale Proceeds such that the Sale Proceeds can be used for the benefit of the Estate. Since the Agreement calls for the reconveyance of the Manafort Lien, the Trustee will achieve the same success in this Agreement without the need to litigate the issue and cause additional expense to the Estate.

Based upon the foregoing, the settlement is fair and reasonable, is in the best interests of creditors and the Estate and is a valid exercise of the Trustee's business judgment. The compromise was entered into in good faith and was negotiated at arms' length. The Agreement will lead to a distribution from the proceeds of the previous sale of the Property and therefore is in the best interests of creditors of the Estate. The Agreement, as set forth in Exhibit "1", should be approved by this Court. Accordingly, the Trustee requests that the Bankruptcy Court enter an order pursuant to FRBP 9019

authorizing the Trustee to enter into the Agreement and approving the terms of the Agreement.

## IV. THE AGREEMENT ONLY AFFECTS THE RIGHTS OF MANAFORT AND THE TRUSTEE

The Adversary Proceeding alleged a preference or fraudulent transfer of the Deed of Trust from Debtor to Manafort. The Agreement essentially accomplishes the goal of the Adversary Proceeding by having Manafort assign any and all right, title and interest in the Manafort Deed of Trust and Assignment to the Trustee. Thus, the lien will be removed from the proceeds of the sale of the Property, freeing up funds for the benefit of the Estate. Despite the undisputed facts, Debtor has consistently held that there was no transfer. As a result, the Trustee sought an Agreement with Manafort transferring only the right, title and interest in the Deed of Trust and Assignment that Manafort owns to the Trustee. As a result, the Agreement deals only with the rights and interests of Manafort and the Trustee. Additionally, the Trustee has moved for, and the Court has granted, an entry of default against Jeff Yohai in the adversary proceeding. The Trustee is working toward filing a motion for default judgment as soon as possible, and combined with this Agreement, the Adversary Proceeding will be resolved.

The Agreement calls for Manafort to assign any and all right, title and interest in the Manafort Deed of Trust and Assignment that he owns to the Trustee. Thus, the Agreement is limited to the assignment of Manafort's interests, such as they are, in the Manafort Deed of Trust and Assignment to the Trustee. Any interests Manafort possesses may be transferred. While Debtor disputes whether an assignment of the Manafort Deed of Trust ever occurred, this Agreement only serves to transfer the rights and interests Manafort currently possesses to the Trustee. Debtor has no interest in the rights and interests being assigned to the Trustee by Manafort. To the extent that Debtor has an interest in the Deed of Trust, such interest is not affected by the Agreement. As the Agreement therefore only affects the rights of the Trustee and Manafort, the Agreement is only entered into as between Manafort and the Trustee.

Furthermore, the Trustee believes that the transfer of the Manafort Deed of Trust is a clear preference or fraudulent transfer. Despite Debtor's contentions regarding the assignment, Manafort has agreed to the Agreement, which is in the best interests of creditors since the Agreement resolves the dispute where the lien will be removed from the proceeds of the sale of the Property without the need for litigation and no party admits liability. Thus, the Court should find that the Agreement is in the best interests of the Estate and approve the Agreement.

## V.    CONCLUSION

Based upon the foregoing, and the accompanying Casey Declaration, the Trustee respectfully requests that the Court enter an order providing the following relief:

1. Granting the Motion;

2. Approving the terms of the Agreement, a copy of which is attached hereto as Exhibit "1," and authorizing the Trustee to enter into the Agreement;

3. Authorizing the Trustee to execute any documents or take any actions reasonably necessary to effectuate the terms of the Agreement; and

4. Granting such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated: August 20, 2019     WEILAND GOLDEN GOODRICH LLP

By: */s/ Ryan W. Beall*
RYAN W. BEALL
Attorneys for Chapter 7 Trustee,
Thomas H. Casey

## DECLARATION OF THOMAS H. CASEY

I, Thomas H. Casey, declare as follows:

1. I am the duly appointed chapter 7 trustee for the bankruptcy estate of 779 Stradella, LLC. I know each of the following facts to be true of my own personal knowledge or on information and belief and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Chapter 7 Trustee's Motion For Order Authorizing Trustee To Enter Into Settlement Agreement* (the "Motion"). Any and all capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion.

2. According to the proceedings docket, on December 21, 2016 (the "Petition Date"), the Debtor filed its petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The case is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court"), bearing Case No. 8:16-bk-15156-CB ("Bankruptcy Case").

3. The Bankruptcy Case was subsequently converted to one under Chapter 7 of the United States Bankruptcy Code. Thereafter, I was duly appointed chapter 7 trustee.

4. I have reviewed the Debtor's schedules which reflect that as of the Petition Date, Debtor's sole asset was the Property – a single-family residence located at 779 Stradella Road, Los Angeles, California 90077. The Property was encumbered by (i) a first priority deed of trust held by Genesis Capital Master Fund II, LLC, that secures a debt of no less than $7.96 million, (ii) a second priority deed of trust held by Paul Manafort that secures an alleged debt of approximately $2.7 million (the "Manafort Lien"), (iii) property tax liens held by the Los Angeles County Tax Collector that secure tax obligations of approximately $200,000, (iv) a lien in favor of Vantage Design Group, Inc. in the amount of $63,352.43 (the "Vantage Lien"), and (v) a lien in favor of Mr. Speedy Plumbing & Rooter, Inc. in the amount of $15,500 (the "Speedy Lien").

5. On June 5, 2018, upon noticed motion, the Court authorized me to sell the Property free and clear of liens with the net sales proceeds to attach in the same value,

priority, and subject to all of the Trustee's rights to object to, dispute, or subordinate such liens. The Manafort Lien and the Vantage Lien were each disputed as preferential transfers and were not paid upon sale of the Property. The sale resulted in $104,000.00 in funds to the Estate plus a credit bid by the Secured Creditor.

6. Initially Manafort held a second Deed of Trust recorded on December 20, 2016 as Instrument No. 20161618867 in the Official Records (the "Manafort Deed of Trust") secured by the Property.

7. On December 1, 2016, Yohai executed a Power of Attorney appointing Manafort as his attorney in fact and authorizing Manafort to act on his behalf. Manafort executed the Manafort Deed of Trust as "attorney in fact" for Yohai.

8. On or about February 5, 2018, Manafort, by Assignment of Deed of Trust, assigned his interest in the Deed of Trust to Yohai which Assignment was recorded as Instrument No. 20180116782 in the Official Records ("Assignment").

9. On April 26, 2018, I caused to be filed an adversary proceeding against Manafort on the basis that the Manafort Deed of Trust was an avoidable transfer ("Adversary Proceeding").

10. On November 16, 2018, I caused the complaint to be amended to include Paul Manafort as a defendant.

11. A true and correct copy of the Agreement is attached hereto as Exhibit "1."

12. I believe that it is in the best interest of the Estate to approve the Agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 20th day of August, 2019, at Rancho Santa Margarita, California.

_____
Thomas H. Casey

# EXHIBIT 1

# SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Thomas H. Casey, solely in his capacity as the chapter 7 trustee (the "Trustee") for the estate (the "Estate") of 779 Stradella, LLC (the "Debtor"), on the one hand, and Paul A. Manafort ("Manafort" and Manafort along with the Trustee collectively, the "Parties"), on the other hand, with respect to the following recitals and objectives (the "Recitals"):

## RECITALS

A. On December 21, 2016 (the "Petition Date"), the Debtor filed its petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). The case is pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (the "Court"), bearing Case No. *8:16-bk-15156-CB* ("Bankruptcy Case").

B. The Bankruptcy Case was subsequently converted to one under Chapter 7 of the United States Bankruptcy Code. Thereafter, Thomas H. Casey was duly appointed chapter 7 trustee.

C. As of the Petition Date, the Estate held and the Trustee now holds fee title to the real property commonly known as 779 Stradella Road, Los Angeles, California ("Property").

D. Initially Manafort held a second Deed of Trust recorded on December 20, 2016 as Instrument No. 20161618867 in the Official Records (the "Manafort Deed of Trust") secured by the Property.

E. On December 1, 2016, Jeffrey Yohai ("Yohai") executed a Power of Attorney appointing Manafort as his attorney in fact and authorizing Manafort to act on his behalf. Manafort executed the Manafort Deed of Trust as "attorney in fact" for Yohai.

F. On or about February 5, 2018, Manafort, by Assignment of Deed of Trust, assigned his interest in the Deed of Trust to Yohai which Assignment was recorded as Instrument No. 20180116782 in the Official Records ("Assignment").

G. On April 26, 2018, the Trustee commenced an adversary proceeding against Manafort on the basis that the Manafort Deed of Trust was an avoidable transfer ("Adversary Proceeding").

H. Manafort has asserted claims against the Estate.

I. Each of the Parties denies liability to all others. This Agreement is a compromise of disputed claims and shall never be construed as an admission of liability or responsibility for any purpose by any party. To avoid further litigation of the Adversary Proceeding, and to maximize the return to the creditors of the Estate, the Parties wish to resolve the disputes between them as set forth below:

## AGREEMENT

Pursuant to the Recitals, and in consideration of the covenants, obligations, agreements, warranties, and representations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the terms and conditions of this Agreement, the Trustee on the one hand and Manafort on the other hand intending, subject to Court approval hereof, to be legally bound by this Agreement, hereby covenant, agree, warrant, represent, and declare as follows:

### ARTICLE 1

### APPROVAL OF AGREEMENT BY COURT

**1.**     **Bankruptcy Court Approval.**  The Agreement is subject to Court approval and is not binding upon or enforceable against the Parties until an order approving this Agreement is entered by the Court. A motion to approve this Agreement shall be filed as soon as is practicable after the execution of this Agreement. The effective date of the Agreement (the "Effective Date") is defined as the date on which the order becomes a final order. For purposes of this Agreement, an order shall be deemed to be a final order fifteen (15) days after its entry unless an appeal is timely-filed and a stay pending appeal is obtained, in which case the order will become final after the stay pending appeal is lifted or removed ("Order").

### ARTICLE 2

### TERMS OF SETTLEMENT

**2.1**     **Assignment**.  Manafort shall assign any and all right, title and interest in the Manafort Deed of Trust and Assignment to the Trustee. On the Effective Date, Manafort shall deliver to the Trustee: (i) a full reconveyance of the Manafort Deed of Trust and (ii) an assignment both in form and content acceptable to the Trustee in his sole discretion.

**2.2**     **Adversary Proceeding Dismissal**: Within ten (10) days after the Order becomes final as set forth in Article 1 above, the Trustee shall cause the Adversary proceeding to be dismissed.

**2.3**     **Allowance of Claims.**  The Trustee has been provided supporting documentation and based thereon will deem the following claims allowed as general unsecured claims ("Allowed Claims"):

    **a.** $1,624,864.81 on behalf of Paul Manafort; and

    **b**. $405,000.00 on behalf of MC Brooklyn Holdings.

The Allowed Claims shall not be disallowed or subject to any further objection in any matter whatsoever, shall not be subject to any subordination, offset or recoupment rights that may be asserted by the Trustee or the estate, and the Trustee waives any right he or the estate may have under section 502(d) of the Bankruptcy Code with respect to the claim.

2

EXHIBIT 1     PAGE 12

**2.4**   **Proof of Claim.**  Nothing set forth herein shall prejudice or be deemed a bar to Manafort's right to file a proof of claim in the Debtor's bankruptcy case.

**2.5**   **Settlement Contingent Upon Stipulation.**  Kathleen Manafort and Thomas H. Casey, in his capacity as Chapter 7 trustee of the bankruptcy case of Mt. Yohai, LLC, bankruptcy case number 8:16-bk-15157-CB, have entered into an agreement whereby, *inter alia*, Kathleen Manafort will have an allowed general unsecured claim in the amount of $748,216.85 in the Mt. Yohai, LLC bankruptcy case. Mr. Casey will file a Motion to Approve Compromise with the Court in the Mt. Yohai, LLC case memorializing that agreement ("Mt. Yohai Agreement"). Both the Mt. Yohai Agreement and this Agreement are contingent upon Court approval of both the Mt. Yohai Agreement and this Agreement.

## ARTICLE 3

## DISPUTES AND REMEDIES

**3.**   **Limitation of Remedies and Damages.**  In the event there is any dispute under this Agreement, the aggrieved Party shall not be entitled to exemplary or punitive damages so that the aggrieved Party's remedy in connection with any action arising under or in any way related to this Agreement shall be limited to a breach of contract action and any damages in connection therewith are limited to actual damages.

## ARTICLE 4

## REPRESENTATIONS AND WARRANTIES

**4.1**   **Reliance on Independent Investigation.**  Except as otherwise provided in this Paragraph, the Parties acknowledge that they have entered into this Agreement in reliance on their own independent investigations and analysis of the facts underlying the subject matter of this Agreement, and no representations, warranties, or promises of any kind have been made directly or indirectly to induce them to execute this Agreement other than those that are expressly set forth herein.

**4.2**   **Advice of Counsel.**  The Parties acknowledge and represent that they have the advice of attorneys of their own choosing in connection with the evaluation and execution of this Agreement or that after being advised to consult with an attorney of their own choosing, they have voluntarily opted not to do so.

**4.3**   **No Prior Assignments.**  Each Party represents that it has not pledged, transferred, or assigned to any third party any right, interest, claim, or cause of action being transferred, conveyed, released, or compromised pursuant to this Agreement, and will indemnify all other Parties from and against any third party claim asserting such a pledge, transfer, or assignment of any such right, interest, claim, or cause of action.

**4.4**   **Execution of Documents and Capacity to Enter Into the Agreement.**  Each Party does hereby state, certify, warrant, and represent to the other that such party has the right, power, capacity, and authority to enter into this Agreement, and, subject to the entry of the Sale

3

EXHIBIT 1    PAGE 13

Order, to fully perform its obligations under this Agreement, and hereby agrees to execute all instruments reasonably necessary to consummate the transaction contemplated by this Agreement, and neither this Agreement nor the release of any claim pursuant to this Agreement violates any agreement by which such Party is bound.

## ARTICLE 5

## GENERAL TERMS AND PROVISIONS

**5.1** **Entire Agreement.** This Agreement will constitute the entire agreement between the Parties and supersede all prior or contemporary understandings or agreements. No supplement, modification, waiver or termination shall be binding or enforceable unless executed in writing by the parties to be bound thereby.

**5.2** **Amendment of Agreement.** No modification of, deletion from, or addition to this Agreement shall be effective unless made in writing and executed by the Parties hereto.

**5.3** **Construction of Agreement.** Section headings have been inserted for convenience only and shall not be given undue consideration in resolving questions of construction or interpretation. For purposes of determining the meaning of, or resolving any ambiguity with respect to, any word, phrase, term, or provision of this Agreement, each Party shall be deemed to have had equal bargaining strength in the negotiation of this Agreement and equal control over the preparation of this document, such that neither the Agreement nor any uncertainty or ambiguity herein shall be arbitrarily construed or resolved against any Party under any rule of construction.

**5.4** **Further Assurances.** Each Party shall promptly execute (in recordable form, if applicable) any and all instruments and documents and take all other actions that may be required or reasonably requested by the other to effectuate the contemplated settlement.

**5.5** **Attorneys' Fees.** If any action or proceeding is instituted to enforce this Agreement, the prevailing party shall be awarded its reasonable attorneys' fees and other reasonable costs incurred therein.

**5.6** **Governing Law/ Jurisdiction.** This Agreement shall be interpreted and governed by the laws of the State of California. In the event that a dispute arises regarding this Agreement, the Court shall have exclusive jurisdiction to interpret and enforce this Agreement.

**5.7** **Counterparts.** This Agreement may be executed in one or more counterparts. When counterparts have been executed by all the Parties hereto, this Agreement shall become effective, and the counterparts shall together constitute one document.

**5.8** **Severability.** In the event that any term or provision of this Agreement is held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Agreement shall nonetheless remain in full force and effect, unless such portion of the Agreement is so material that its deletion would violate the obvious purpose and intent of the Parties or otherwise materially adversely affect the benefit of this Agreement to a Party.

**5.9** **Waiver.** The failure by any Party to enforce any term or provision of this Agreement shall not constitute a waiver of the right to enforce the same term or provision, or any other term or provision, thereafter.  No waiver by any Party of any term or provision of this Agreement shall be deemed or shall constitute a waiver of any other provision of this Agreement, whether or not similar, nor shall any such waiver constitute a continuing waiver unless otherwise expressly provided in writing.

**5.10** **Inurement.** This Agreement shall inure to the benefit of and be fully binding upon each of the Parties and upon their respective heirs, executors, successors, assigns, and grantees.

5

EXHIBIT 1    PAGE 15

**5.11** <u>Notice</u>.  Whenever any party hereto is required or shall desire to give or serve upon the other any notice, demand, request or other communication, each such notice, demand, request or other communication shall be in writing and shall be given or served personally, or by overnight carrier or same-day messenger service, or by telecopy transmission followed immediately by mail, all to be addressed to the addresses set forth below.

If to Trustee:

    Jeffrey I. Golden
    Faye C. Rasch
    Weiland Golden Goodrich LLP
    650 Town Center Drive, Suite 950
    Costa Mesa, CA 92626
    Telephone: (714) 966-1000
    Facsimile: (714) 966-1002

If to Paul Manafort:

    David Shemano, Esq.
    Shemano Law
    1801 Century Park East, Suite 1600
    Los Angeles, CA 90067

**5.12.** <u>Time of Essence</u>.  Time is of the essence in this Agreement and in all of the terms, provisions and conditions thereof.

Dated: 8/20/19

_____
Thomas H. Casey, Chapter 7 Trustee

Dated: August 16, 2019

_____
David Shemano, Esq.
Attorney for Paul Manafort

6

EXHIBIT 1    PAGE 16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**650 Town Center Drive, Suite 600**
**Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): Motion for Order Authorizing Trustee to Enter Into Settlement Agreement; Memorandum of Points and Authorities, Declaration of Thomas H. Casey in Support
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 20, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) August 20, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

~~779 Stradella, LLC~~
~~A Delaware Limited Liability Company~~
~~3991 MacArthur Blvd., Suite 125~~
~~Newport Beach, CA 92660-3049~~
**MAIL RETURNED 12/17/18**

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 20, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Served by Personal Delivery**
Honorable Catherine E. Bauer
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5165 / Courtroom 5D
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/20/2019 | Victoria Rosales | /s/ victoria |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Ryan W Beall    rbeall@lwgfllp.com, vrosales@wgllp.com;kadele@wgllp.com
Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
Jeffrey W Dulberg    jdulberg@pszjlaw.com
Oscar Estrada    oestrada@ttc.lacounty.gov
Marc C Forsythe    kmurphy@goeforlaw.com, mforsythe@goeforlaw.com;goeforecf@gmail.com
Beth Gaschen    bgaschen@wgllp.com,
kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
Richard Girgado    rgirgado@counsel.lacounty.gov
Barry S Glaser    bglaser@swesq.com, erhee@swesq.com
Jeffrey I Golden    jgolden@wgllp.com, kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
Michael J Hauser    michael.hauser@usdoj.gov
James Andrew Hinds    jhinds@jhindslaw.com, mduran@jhindslaw.com
Marc Y Lazo    mlazo@whbllp.com, rosie.cantillo.paralegal@gmail.com
Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;vrosales@wgllp.com
Daren M Schlecter    daren@schlecterlaw.com, assistant@schlecterlaw.com
Kambiz J Shabani    joseph@shabanipartners.com
Paul R Shankman    pshankman@jhindslaw.com, mduran@jhindslaw.com
David B Shemano    dshemano@shemanolaw.com
Rachel M Sposato    rsposato@jhindslaw.com, mduran@jhindslaw.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**